J-S91045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOHN M. DILIBERTO | : | |
| | : | |
| Appellant | : | No. 2212 MDA 2015 |

Appeal from the Judgment of Sentence November 23, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-SA-0000203-2015

BEFORE:  FORD ELLIOTT, P.J.E., RANSOM, J., and STEVENS[*], P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                **FILED DECEMBER 27, 2016**

Appellant, John M. Diliberto, appeals *pro se* from the judgment of sentence entered in the Court of Common Pleas of Dauphin County following his conviction on the sole charge of driving without a license, 75 Pa.C.S.A. § 1501(a).  We affirm.

The trial court set forth the facts underlying this case, in relevant part, as follows:

> On July 6, 2015, Trooper Konstantin Dyakov, employed by the Pennsylvania State Police since July 17, 2014, was working patrol.  Trooper Dyakov was working on PA 283 westbound and was returning to the police station.  At the same time, he was running the registration plates of cars that he was passing by.
>
> Trooper Dyakov ran the registration plate of [Appellant's vehicle] and determined that [Appellant's] driver's license was

* Former Justice specially assigned to the Superior Court.

expired.[1]  Trooper Dyakov further determined that [Appellant's] driver's license expired on September 23, 2013.  Next, the trooper identified the picture from PennDOT (on the driver's license) as the same person driving the car.  Trooper Dyakov proceeded to point out that [Appellant] sitting at the defense table was the same person on the day of the incident.

Trooper Dyakov verified that the driver was in fact the registered owner of the vehicle and initiated a traffic stop. Trooper Dyakov informed the driver that he was pulling him over for an expired driver's license and the driver produced the driver's license of John Diliberto which was indeed expired on September 23, 2013.

On cross-examination, Trooper Dyakov testified that his selection of vehicles in which to run plates is purely random. Trooper Dyakov further testified that he had several opportunities to observe the driver.  First, when he ran [Appellant's] registration; second, when he received the photo, he slowed down and allowed [Appellant] to pass his patrol vehicle; and third, [ ] when the Trooper had initially passed [Appellant], [he] observed [Appellant] in his rearview mirror.

Trial Court Pa.R.A.P. 1925(a) Opinion, filed 4/21/15, at 2 (footnotes and citations to record omitted) (footnote in original).

Trooper Dyakov issued a citation to Appellant for driving without a license, and a magisterial district judge later found him guilty of the offense. On September 21, 2015, Appellant filed a notice of appeal to the trial court.

On November 16, 2015, Appellant filed a pre-trial motion alleging the stop of his vehicle was improper and seeking dismissal of all charges.  The

---

[1] Trooper Dyakov had a printout from the patrol vehicle computer that told him the registered owner of the Honda Accord (the vehicle in question) is John Diliberto, his address, his driver's license information, and that his license was expired.

trial court denied the motion, and on November 23, 2015, the trial court held a summary appeal trial at which Trooper Dyakov testified. The trial court found Appellant guilty of the offense, and then imposed a fine and costs of $200.00.

Appellant filed a timely *pro se* appeal to this Court, and on January 4, 2016, the trial court directed Appellant to file a Statement pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). The trial court's order provided, *inter alia*, that the Statement was to be filed "no later than twenty-one (21) days from receipt of th[e] [o]rder[;]" the Statement was to be filed of record and served upon the trial court judge; Appellant risked waiver of his claims if not set forth in a "concise," "non-redundant," "readily ascertainable" manner; and issues not included in the Statement would be deemed waived. Trial Court's Pa.R.A.P. 1925(b) Order, filed 1/4/16. The record contains a notation that the trial court's order was mailed to Appellant on January 4, 2016. Thereafter, Appellant's Rule 1925(b) Statement was filed with the Prothonotary on January 28, 2016.[2] On April 21, 2016, the trial court filed a Pa.R.A.P. 1925(a) Opinion.

Appellant presents the following issues, which we set forth verbatim, in his "Statement of Questions Involved:"

---

[2] Inasmuch as the trial court's January 4, 2016, order permitted Appellant to file his Rule 1925(b) Statement no later than twenty-one days from Appellant's **receipt** of the order, we are unable to determine whether Appellant filed his Statement in a timely manner on January 28, 2016.

1. Did the lower court err in not dismissing the Commonwealth's charge against Appellant on the basis that the random, suspicion-less "running" of Appellant's license plate by Pennsylvania State Police (PSP) Trooper Dyakov through his mobile data terminal was in violation of both the Fourth Amendment to the U.S. Constitution and Article I, Section 8, of the Pennsylvania Constitution, as there was no probable cause or reasonable, articulable individualized suspicion to believe that the Appellant has been engaged in any criminal activity prior to the license plate "check"?

2. Did the lower court err in not dismissing the Commonwealth's charge against Appellant on the basis that all interactions with Appellant on July 6, 2015, subsequent to the "running" of Appellant's license plate were unlawful?

3. Did the lower court err in not dismissing the Commonwealth's charge against Appellant on the basis that Appellant possesses a common law right to travel and that the Commonwealth failed to demonstrate that Appellant was "driving" (and not merely "traveling"), and so subject to the Commonwealth's requirements for "driver" licensing?

4. Did the lower court err in not dismissing the Commonwealth's charge against Appellant on the basis that the driver's license renewal process entails no assessment of competency in controlling an automobile upon the public roadways, one of the chief purported aims of license renewal?

5. Did the lower court commit abuses of discretion and violate established standards of judicial conduct, thereby denuding its adjudication of the Commonwealth's charge against Appellant of any legitimacy in its demeanor and mistreatment of the Appellant during the November 23, 2015, Dauphin County Court of Common Pleas trial?

Appellant's Brief at 4-5.

Preliminarily, we note the trial court indicated in its Rule 1925(a) Opinion that Appellant's Rule 1925(b) Statement was vague and did not sufficiently identify the issues for appeal. Specifically, the trial court indicated the following:

The Superior Court of Pennsylvania has concluded that a [Rule] 1925(b) "Statement must be 'concise' and coherent [so] as to permit the trial court to understand the specific issues being raised on appeal." ***Jiricko v. Geico Insurance Company***, 947 A.2d 206, 211 (Pa.Super. 2008). Where the Statement is so incoherent, confusing, or redundant that it impairs appellate review, issues in the Statement are deemed waived. *Id.* at 213.

In the instant matter, [Appellant] has filed a [four page] Concise Statement of Matters Complained of on Appeal ("Statement") that includes twelve paragraphs of alleged error. It is unclear what [Appellant] is alleging. [Appellant] makes reference to both the Fourth Amendment to the U.S. Constitution and Article I, Section 8, of the Pennsylvania Constitution (paragraph 1 [of the Statement]); the "running" of [Appellant's] license plate was unlawful (paragraph 2 [of the Statement]); that Trooper Dyakov had no probable cause to search [Appellant's] driving records (paragraph 3 [of the Statement]); that [Appellant] was "misled by authority figures in his life at the time into believing that he would be driving a motor vehicle and not merely traveling in his personal conveyance" (paragraph 5 [of the Statement]); that the Commonwealth should "share in the liability if [a] driver were to damage property or injure a person while driving" (paragraph 7 [of the Statement]); that the [c]ourt erred in not dismissing the charge against [Appellant] on the basis that "no flesh-and-blood injured party could be produced by the [c]ourt" (paragraph 9 [of the Statement]); and that the [c]ourt "egregiously violated established standards of judicial conduct" (paragraph 11 [of the Statement]).[3]

_____

[3] Appellant additionally alleged in his Statement that he possesses a common law right to travel and the Commonwealth failed to prove Appellant was "driving" and not "traveling" (paragraph 4 of the Statement); that "incorporating into the Pennsylvania Driver's License document a portrait photo of sufficient resolution to permit computerized, biometric analysis and identification of an individual" constitutes a significant step in the creation of a "Surveillance State" (paragraph 6 of the Statement); that 75 Pa.C.S.A. § 1501(a) is "erroneously categorized as a criminal offense" (paragraph 8 of the Statement); that the trial court did not engage in a "substantive consideration" of Appellant's pre-trial motion (paragraph 10 of the Statement); and that the trial court "violated its oath of office in the handling of this case" (paragraph 12 of the Statement).

> [Appellant's] Statement does not sufficiently identify the issues being raised on appeal.

Trial Court Pa.R.A.P. 1925(a) Opinion, filed 4/21/16, at 3-4 (emphasis and footnotes omitted) (footnote added). We agree.

"The purpose of Rule 1925 is to narrow the focus of an appeal to those issues which the appellant wishes to raise on appeal." ***Mahonski v. Engel***, 145 A.3d 175, 180 (Pa.Super. 2016). The rule sets forth clear requirements to avoid waiver, including:

> (i)     The Statement shall set forth only those rulings or errors that the appellant intends to challenge.
>
> (ii)    The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge. . . .
>
> ***
>
> (iv)    The Statement should not be redundant or provide lengthy explanations as to any error. Where non-redundant, non-frivolous issues are set forth in an appropriately concise manner, the number of issues raised will not alone be grounds for finding waiver.
> ***
> (vii)   Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

Pa.R.A.P. 1925(b)(4)(i), (ii), (iv), and (vii).

In interpreting Rule 1925(b), this Court has held that a Rule 1925(b) Statement must be "sufficiently concise and coherent such that the trial court judge may be able to identify the issues to be raised on appeal, and

- 6 -

the circumstances must not suggest the existence of bad faith." *Jiricko*, 947 A.2d at 210. Further,

> Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process. When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues.

*Commonwealth v. Ray*, 134 A.3d 1109, 1114 (Pa.Super. 2016) (quotation omitted).

In other words, a Rule 1925(b) Statement which is so voluminous, vague, incoherent, or confusing as to prevent the trial court from engaging in a meaningful analysis is the functional equivalent of no Concise Statement at all. *See Mahonski*, *supra* (finding waiver of all claims where Statement was overly vague, redundant, and contained multiple sub-issues); *Ray*, *supra* (finding waiver of all claims where the appellant failed to identify his claims in an adequate and concise manner).

Here, the trial court indicated that, at trial, Appellant attempted to use the proceeding "for the purpose of conducting a sweeping 'fishing expedition' in order to advocate what eventually became apparent as a political/social agenda. The [c]ourt was continually required to re-direct [Appellant's] inquiries [at trial] to relevant and pertinent matters." Trial Court Pa.R.A.P. 1925(a) Opinion, filed 4/21/15, at 4. The trial court further indicated that,

in a similar manner, Appellant's Rule 1925(b) Statement set forth many incoherent issues "irrelevant to the facts of the case." *Id.* Accordingly, the trial court declined to draft an opinion analyzing individually the issues presented in Appellant's Rule 1925(b) Statement, noting instead that the evidence sufficiently established Appellant's guilt and "Appellant labors under some grossly misdirected view of the government of this Commonwealth[.]" *Id.* at 4.

In light of the aforementioned, we agree with the trial court that Appellant has failed to preserve the issues he may have raised on appeal in a properly filed Rule 1925(b) Statement. The record supports the trial court's determination that the four page Rule 1925(b) Statement submitted by Appellant in this relatively straightforward case is not sufficiently concise, contained numerous vague assertions, and failed to coherently set forth non-frivolous issues to be raised on appeal. *See Mahonski*, *supra*.

While we acknowledge Appellant is proceeding *pro se* in this appeal, his *pro se* status does not entitle him to any advantage due to his lack of legal training. *Ray*, *supra*. Rather, as a *pro se* litigant, Appellant must still abide by the Rules of Appellate Procedure and his decision to represent himself requires him to "a reasonable extent assume[ ] the risk that his legal

training will place him at a disadvantage."  ***Id.*** at 1114-115 (citation

omitted).[4]

_____

[4] We note that Appellant has carried forth in his appellate brief his practice of presenting vague and irrelevant assertions suggesting political/social reform.  For instance, Appellant admits that, pursuant to ***Commonwealth v. Bolton***, 831 A.2d 734 (Pa.Super. 2003, Trooper Dyakov was not required to have any level of suspicion before checking Appellant's vehicle's registration plate since such was in plain view; however, Appellant suggests that ***Bolton's*** holding has increased the expansion of Pennsylvania into a "Surveillance State."  Appellant's Brief at 13-14.  To the extent Appellant asks us to overrule ***Bolton***, we decline to do so. ***See Commonwealth v. Pepe***, 897 A.2d 463, 465 (Pa.Super. 2006) ("A three-judge panel of this court may not overrule a decision by another three-judge panel unless our supreme court has called the previous panel's decision into question.") (citation omitted)).  Further, Appellant argues that, as a matter of policy, we should interpret 75 Pa.C.S.A. § 1501 to apply solely to corporations and not to private individuals.  ***See*** Appellant's Brief at 19-39. We decline to do so.

Finally, it is noteworthy that substantial portions of the argument section of Appellant's brief consists of nothing more than large, irrelevant block quotes.  Further, his final argument, which pertains to alleged improper conduct by the trial court judge, consists primarily of a list of pages from the trial transcript with notations such as "contempt," "sarcasm and ridicule," "intimidation," and "overt bias."  Thus, assuming, *arguendo*, Appellant filed a proper Rule 1925(b) Statement, we would decline to address the merits of his issues due to the extensive briefing deficiencies.

For all of the foregoing reasons, we affirm the judgment of sentence.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/27/2016