J-S10020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
HEATHER HOFFMAN, :
:
Appellant : No. 3271 EDA 2017

Appeal from the PCRA Order September 26, 2017
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002914-2014

BEFORE: BOWES, J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY OLSON, J.: **FILED APRIL 30, 2018**

Appellant, Heather Hoffman, appeals *pro se* from the order entered on
September 26, 2017 denying her first petition filed pursuant to the Post
Conviction Relief Act, 42 Pa.C.S.A. § 9541-9546. We dismiss the appeal.

We briefly summarize the facts and procedural history of this case as
follows. On May 14, 2014, police responded to a call from the emergency
room at Brandywine Hospital reporting that Appellant was combative with
the staff. More specifically,

> [Appellant] faked a seizure after medical personnel refused to
> provide her with Percocet[, an opioid painkiller]. During the
> incident, Appellant threw a clipboard at a nurse, causing the
> nurse to suffer a minor eye injury and creating a commotion that
> disrupted the operation of the emergency room.

***See Commonwealth v. Hoffman***, 2016 WL 7176962, at *1 (Pa. Super.
2016) (unpublished memorandum). A jury convicted Appellant of simple

assault on April 8, 2015. Thereafter, the trial court also found Appellant guilty of two summary offenses, disorderly conduct and harassment. On July 7, 2015, the trial court sentenced Appellant to 48 hours to 23 months of incarceration. We affirmed Appellant's judgment of sentence on July 7, 2015. *See id.* Appellant did not appeal that determination.

On December 27, 2016, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel to represent Appellant. On August 8, 2017, PCRA counsel moved to withdraw as counsel under *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On September 14, 2017, the PCRA court gave Appellant notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant responded *pro se* on September 22, 2017. On September 26, 2017, the PCRA court entered an order denying Appellant's PCRA petition and granting appointed counsel's request to withdraw. This timely appeal resulted.[1]

Because of the substantial defects in Appellant's *pro se* appellate brief, we dismiss the appeal. Appellant's brief consists of a two-page

---

[1] Appellant filed a *pro se* notice of appeal on October 9, 2017. On October 11, 2017, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on October 16, 2017. On October 19, 2017, the PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a) that relied upon its September 14, 2017 Rule 907 notice and September 26, 2017 order as its rationale for denying PCRA relief.

stream-of-conscious recitation of her version of events in the underlying criminal prosecution. She did not comply with Pa.R.A.P. 2111(a) regarding the contents of her brief. *See* Pa.R.A.P. 2111(a) (The brief of the appellant shall consist of 12 separately and distinctly entitled sections). Appellant also failed to comply with Pa.R.A.P. 2111(b) and (d) by failing to affix the PCRA court's opinions and Appellant's Rule 1925(b) concise statement to her appellate brief. *See* Pa.R.A.P. 2111(b) and (d). Most importantly, Appellant does not provide citation to relevant authority and does not reference the record in advancing her appellate arguments. *See* Pa.R.A.P. 2119(b) and (c). "This Court possesses discretionary authority to quash, dismiss or deny allowance of appeal based upon the substantial defects of [an] appellant's brief." ***Commonwealth v. Maris***, 629 A.2d 1014, 1017 (Pa. Super. 1993), *citing* Pa.R.A.P. 2101 ("Briefs [] shall conform in all material respects with the requirements of [the appellate] rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.").

Moreover,

> a *pro se* litigant['s status] does not entitle [her] to any advantage due to [her] lack of legal training. Further, a layperson choosing to represent [herself] in a legal proceeding to a reasonable extent assumes the risk that [her] lack of legal training will place [her] at a disadvantage. Accordingly, a *pro se* litigant must still comply with the Pennsylvania Rules of Appellate Procedure.

- 3 -

*Commonwealth v. Ray*, 134 A.3d 1109, 1114–1115 (Pa. Super. 2016) (internal citations and quotations omitted).

Here, Appellant's *pro se* brief is so defective as to preclude meaningful appellate review. As such, we dismiss the appeal.

Finally, after filing her appeal, Appellant filed two *pro se* applications for relief with this Court. On February 16, 2018, Appellant filed a *pro se* application for relief requesting we vacate her sentences and award her PCRA relief. On March 26, 2018, Appellant filed a *pro se* application for relief asking us to incorporate her half-brother's court records into her current appeal. Because we have dismissed Appellant's appeal, we deny her applications for relief.

Appeal dismissed. Motion to Grant Appellant's PCRA Appeal denied. Motion to Join Record of Appeal denied.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/30/18