J-S69019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAMUEL GONZALEZ | : | |
| | : | |
| Appellant | : | No. 591 MDA 2018 |

Appeal from the Order Entered March 23, 2018
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0000632-2004,
CP-38-CR-0000633-2004, CP-38-CR-0000987-2004

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY LAZARUS, J.:                **FILED DECEMBER 13, 2018**

Samuel Gonzalez appeals from the order entered in the Court of Common Pleas of Lebanon County, denying him *in forma pauperis* status, an evidentiary hearing, and transcripts.  We affirm.

The Commonwealth filed charges against Gonzalez under docket numbers CP-38-CR-0000632-2004, CP-38-CR-0000633-2004, and CP-38-CR-0000987-2004.[1]  The court consolidated no. 632 and no. 987, and held a single trial after which Gonzalez was found guilty of rape by forcible

---

[1] On June 1, 2018, our Supreme Court held separate notices of appeal must be filed when convictions arise from separate dockets. ***Commonwealth v. Walker***, 185 A.3d 969, 977 (Pa. 2018).  However, ***Walker*** was applied prospectively from June 1, 2018.  ***Id.*** at 977.  Here, where Gonzalez filed his notice of appeal on April 4, 2018, we will not apply ***Walker***, and decline to quash Gonzalez's single appeal from judgments of sentence entered on separate dockets.

compulsion, statutory rape, indecent assault, corruption of minors, and endangering the welfare of children. After a separate trial on docket no. 633, Gonzalez was found guilty of rape by forcible compulsion, involuntary deviate sexual intercourse, statutory rape, aggravated indecent assault, statutory sexual assault, indecent assault, and corruption of minors. The trial court consolidated all three cases for sentencing, and on October 25, 2005, sentenced Gonzalez to an aggregate term of fourteen to thirty years' incarceration and determined he is a Sexually Violent Predator (SVP) under Megan's law. On February 28, 2006, the court denied Gonzalez's post-sentence motion.

On October 16, 2006, this Court affirmed Gonzalez's judgment of sentence, and on May 25, 2007, our Supreme Court denied his petition for allowance of appeal. *Commonwealth v. Gonzalez*, 913 A.2d 941 (Pa. Super. 2006) (unpublished memorandum), *appeal denied*, 926 A.2d 441 (Pa. 2007). On May 21, 2008, Gonzalez filed a Post-Conviction Relief Act[2] (PCRA) petition, which was denied on November 18, 2008.

On January 10, 2018, Gonzalez filed two petitions—one requesting the withdrawal of prior counsel and the appointment of alternative counsel, and another seeking the transcripts from his PCRA hearing. Gonzalez filed three more petitions on March 8, 2018, one to proceed *in forma pauperis*, a second

---

[2] 42 Pa.C.S.A. §§ 9541–9546.

for withdrawal of counsel, and a third for an evidentiary hearing in the event that his other petitions were not granted. Petition for Evidentiary Hearing, 3/8/2018 at 1. On March 21, 2018, the court issued an order denying Gonzalez's requests for transcripts, an evidentiary hearing, and *in forma pauperis* status, characterizing these three requests as an untimely petition for PCRA relief.[3] Before the court filed its order, however, Gonzalez filed a second PCRA petition on March 23, 2018, arguing that **Commonwealth v. Muniz**,[4] 164 A.3d 1189 (Pa. 2017), entitled him to relief from the registration requirements of SORNA[5] and his designation as an SVP, or in the alternative, he again requested the appointment of counsel, an evidentiary hearing and *in forma pauperis* status.

On April 4, 2018, Gonzalez filed a notice of appeal challenging "the [order] of [the] court denying appellant's motions for [transcripts], petition

---

[3] Gonzalez filed his notice of appeal solely from this order.

[4] Although a plurality Opinion Announcing the Judgment of the Court ("OAJC") has no precedential value, "where a concurring opinion enumerates the portions of the plurality's opinion in which the author joins or disagrees, those portions of agreement gain precedential value." **Commonwealth v. Brown**, 23 A.3d 544, 556 (Pa. Super. 2011). In **Muniz**, the OAJC found that SORNA violates the ex post facto clauses under both the Pennsylvania and United States Constitutions. **Muniz**, 164 A.3d at 1189. Justice Wecht's Concurring Opinion, joined by Justice Todd, found that SORNA violates the Pennsylvania Constitution and declined to consider whether SORNA violates the United States Constitution. **Id.** at 1124–25.

[5] Pennsylvania's Sex Offender Registration and Notification Act. 42 Pa.C.S. §§ 9799.10–9799.41.

for [*in forma pauperis*], and petition for [evidentiary hearing], denied on the 21st day of March, 2018." Notice of Appeal, 4/4/2018, at 1. His subsequent Pa.R.A.P. 1925(b) statement asserted he was appealing the following: 1) that, "at the time of his P.C.R.A. denial . . . he wanted counsel to file an appeal to the Superior Court of Pennsylvania related to that denial[;]" 2) he assumed counsel had appealed his PCRA denial; 3) he sent letters to his attorney of record to which counsel did not respond; 4) he did not know there was a timeline to appeal the denial of his PCRA petition; 5) his English proficiency rendered him unable to navigate the legal process without counsel; and 6) he needed transcripts and *pro se* status in order to appeal. Pa.R.A.P. 1925(b) Statement, 4/25/2018 at 1–2. On May 21, 2018, the court's Rule 1925(a) opinion stated "Gonzalez . . . offers nothing other than his assertion that he directed his attorney to appeal [the denial of] his [p]etition under the Post-Conviction Relief Act [] and that his attorney did not do so." Pa.R.A.P 1925(a) Opinion, 5/21/2018, at 1.

On June 1, 2018, Gonzalez filed a motion for reconsideration, arguing that the court's Rule 1925(a) opinion mistakenly failed to address the impact of **Muniz** on his sentence, including his designation as an SVP. On June 4, 2018, he filed an "answer to the court[']s [notice of] intent to dismiss defendant[']s [PCRA]" restating the merits of his PCRA petition, and averring

- 4 -

that his petition fell under an exception to the PCRA's timeliness requirements.[6]

In an order dated June 4, 2018, the court concluded Gonzalez's petition for reconsideration raised different arguments than those contemplated in his Rule 1925(b) statement. Consequently, the court found itself unable to take further action regarding Gonzalez's PCRA petition filed on April 4, 2018, and dismissed it as moot.

A *pro se* litigant is granted the same rights, privileges and considerations as those accorded a party represented by counsel; however, *pro se* status does not entitle a litigant to any particular advantage because of the lack of legal training. *Commonwealth v. Ray*, 134 A.3d 1109, 1114 (Pa. Super. 2016). A judge can direct any appellant to file a concise statement of errors complained of on appeal. Pa.R.A.P. 1925(b). That statement must "concisely identify each ruling or error that appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4).

Our Supreme Court has made it clear that "[a]ny issues not raised in a [Rule] 1925(b) statement will be deemed waived." *Commonwealth v.*

---

[6] Section 9545(b)(1)(iii) of the PCRA affords an exception to the PCRA's timeliness requirements. Gonzalez, however, mistakenly asserts a one-year time period applies to that exception. Petition for Post-Conviction Relief, 3/23/2018, at 1. Petitioners are obligated to file within 60 days of the date that a claim could have been presented under 42 Pa.C.S.A. § 9545(b)(1). 42 Pa.C.S.A. § 9545(b)(2). Gonzalez filed his claim on March 23, 2018, more than 60 days after the filing of *Muniz*.

*Castillo*, 888 A.2d 775, 780 (Pa. 2005). "[A] [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all." *Commonwealth v. Dowling*, 778 A.2d 683, 687 (Pa. Super. 2001). To avoid waiver, a concise statement must be specific enough "for the trial court to identify and address the issue Appellant wishes to raise on appeal." *Id.* at 687 (finding Rule 1925(b) statement impermissibly vague when appellant failed to identify witness he was prevented from cross examining); *see also Commonwealth v. Pukowsky*, 147 A.3d 1229, 1236 (Pa. Super. 2016) (finding Rule 1925(b) statement impermissibly vague when appellant failed to state particular grounds for limiting witnesses testimony).

Gonzalez's notice of appeal challenges the March 21, 2018 order denying him transcripts, an evidentiary hearing, and *in forma pauperis* status. Notice of Appeal, 4/4/2018, at 1. Gonzalez's Rule 1925(b) statement lists six reasons for his appeal. However, only one of those six reasons relates to the petitions denied on March 21, 2018; the remaining five relate to his failure to appeal the court's denial of his initial PCRA petition. As this appeal is not from an order denying a PCRA petition, these issues are not properly before us.[7]

---

[7] The judge below noted that the instant appeal was premature, and prevented an assessment of Gonzalez's April 4, 2018 PCRA petition. Court Order, 6/4/2018, 3.

The lone issue related to the order from which Gonzalez appeals states "appellant . . . needs the transcripts and [*pro se*] status in order to be able to exercise his Constitutional Rights to a fair and unbiased appeal process." Rule 1925(b) statement, 4/25/2018, at 2. This lone statement, combined with subsequent out-of-turn filings, left the trial court unable to discern what Gonzalez intended to appeal—whether it was the order he appealed, or the conduct of his attorney following his initial PCRA hearing, or the impact of ***Muniz*** on his sentence. Moreover, Gonzalez himself has asserted two different theories in support of his need for transcripts, an evidentiary hearing and *in forma pauperis* status—one theory relating to the conduct of his PCRA counsel, the other relating to the impact of ***Muniz*** on his registration requirements. The confusion resulting from Gonzalez's Rule 1925(b) statement clearly evinces the trial court was unable to "identify and address the issue Appellant wishe[d] to raise on appeal." ***Commonwealth v. Dowling***, 778 A.2d 683, 687 (Pa. Super. 2001). His statement, moreover, fails to state any grounds on which he bases his claim. ***See e.g. Pukowsky***, ***supra***. Consequently, we must find that Gonzalez has waived his challenge to the March 21, 2018 order denying him transcripts, an evidentiary hearing, and *in forma pauperis* status.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/13/2018