J-S14043-16

2016 PA Super 37

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TRAVIS MAURICE RAY, JR. | |
| Appellant | No. 681 MDA 2015 |

Appeal from the Judgment of Sentence March 4, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0005164-2014

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and STEVENS, P.J.E.*

OPINION BY STEVENS, P.J.E.:                    **FILED FEBRUARY 17, 2016**

Appellant, *pro se*, appeals from the judgment of sentence entered in the York County Court of Common Pleas by the Honorable Richard K. Renn on March 4, 2015, following a bench trial.  Upon our review of the record, we affirm.

Appellant was convicted of one count each of fleeing or attempting to elude police officer, accidents involving damage to attended vehicle or property, and five counts of accidents involving damage to unattended vehicle or property.[1]  Also on that date, the trial court imposed a sentence of eleven and one half months to twenty-three months in prison on the fleeing or attempting to elude a police officer conviction and a consecutive term of twelve months of probation on the accidents involving damage to attended

---

[1] 75 Pa.C.S.A. §§ 3733(a), 3743(a) and 3745(a), respectively.

*Former Justice specially assigned to the Superior Court.

vehicle or property conviction. Appellant was ordered to pay the costs of prosecution for the remaining counts.

Appellant's trial counsel filed a motion to withdraw on March 9, 2015, asserting that Appellant had filed a complaint against him with the Disciplinary Board. The trial court granted the motion to withdraw on March 10, 2015, and Appellant filed a *pro se* post-sentence motion on March 17, 2015, which was denied April 1, 2015. On April 15, 2015, Appellant filed a *pro se* notice of appeal. The next day, the trial court directed Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days and notified him that a failure to do so may result in his issues being waived on appeal.[2]

_____

[2] We note that a notice of appeal must be filed within 30 days of the entry of the order being appealed. **See** Pa.R.A.P. 903(a)*;* **Commonwealth v. Moir**, 766 A.2d 1253 (Pa.Super. 2000). This Court may not extend the time for filing a notice of appeal. **See** Pa.R.A.P. 105(b). Pa.R.Crim.P. 720 provides that a party may file post-sentence motions no later than 10 days after imposition of sentence.

Appellant's *pro se* post-sentence motion, dated March 4, 2015, is entered on the trial court docket on March 17, 2015. Because the tenth day from March 4, 2015, fell on a Saturday, March 14, 2015, Appellant had until Monday, March 16, 2015, to file a timely post-sentence motion. **See** 1 Pa.C.S. § 1908 (relating to computation of time for the rule of construction and relating to the omission of the last day of a time-period which falls on Saturday, Sunday or legal holiday). The certified record indicates that Appellant mailed his post-sentence motion to the York County Clerk of Courts and to the trial court judge. The envelope addressed to the Clerk of Courts bears a time-stamp of March 17, 2015, and does not contain a postmark date. However, the envelope addressed to the trial court does include a mailing stamp date of March 13, 2015. Both envelopes evince

*(Footnote Continued Next Page)*

On May 5, 2015, Appellant filed a document entitled "Notice" wherein he indicated he intended to raise the following matters on appeal:

1. Jurisdiction over the person of [Appellant] or jurisdiction of the Court of Common Pleas to even hear the case.
2. Grading of offense
3. Violation of 6 amendment and Pa.Constitution § 9.
4. Sufficiency of evidence
5. Weight of evidence
6. Violation of the 13th amendment excessive bail or fines or punishment
7. Duress or extortionate credit loaning.

*See* "Notice," filed 5/5/15, at ¶¶ 1-7.

In this Court's April 24, 2015, Order, the trial court was directed to hold a hearing, pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1988) (requiring on-the-record inquiry to determine whether waiver of counsel is knowing, intelligent and voluntary). In its Order of April 28, 2015, the trial court noted that while a **Grazier** hearing had been held on April 1,

*(Footnote Continued)* _____

they were mailed from prison. Because the post-sentence motion was postmarked within the ten-day window to file a timely post-sentence motion, it follows that Appellant placed the post-sentence motion in the hands of the prison authorities within the ten-day window as well. *See* Pa.R.A.P. 121(a) (A *pro se* filing submitted by a prisoner incarcerated in a correctional facility is deemed filed as of the date it is delivered to the prison authorities for purposes of mailing or placed in the institutional mailbox, as evidenced by a properly executed prisoner cash slip or other reasonably verifiable evidence of the date that the prisoner deposited the *pro se* filing with the prison authorities); *see also Commonwealth v. Patterson,* 931 A.2d 710 (Pa. Super. 2007)(even when no postmark definitively notes the date of mailing, this Court may avoid quashal where the date of receipt indicates an appellant likely placed the notice of appeal in the hands of prison authorities before the expiration of thirty days). In light of the above, this Court has jurisdiction over the instant appeal.

2015, prior to proceeding to arguments on Appellant's post sentence motions, the issue of Appellant's waiver of his right to counsel on appeal had not been addressed. As such, it stated it would convene a hearing to determine whether Appellant wished to waive his right to counsel on direct appeal as he had expressed his desire to do for purposes of arguing post-sentence motions.

On June 3, 2015,[3] the trial court held a **Grazier** hearing at which time it informed Appellant he would be bound by the same rules of appellate procedure should he choose to proceed *pro se* as would a defendant represented by counsel; notwithstanding, Appellant indicated he wished to continue to proceed *pro se*. N.T, 6/4/15, at 2-6. He later stated he wanted the assistance of "backup counsel just for the formatting." **Id**. at 6-7. Following the **Grazier** hearing, the trial court provided this Court with its finding that Appellant knowingly, voluntarily, and intelligently elected to proceed *pro se* on appeal. In an order of June 4, 2015, the trial court appointed Marc J. Semke, Esquire as standby counsel.

On August 20, 2015, the trial court filed its Opinion Pursuant to Pa.R.A.P. 1925(a) of the Pennsylvania Rules of Appellate Procedure.

_____

[3] The **Grazier** hearing initially had been scheduled for May 22, 2015, but Appellant was not present at that time. The trial court indicated on the record it was advised on that date that Appellant had been released from custody and prior notice of the hearing had been sent to him at the York County Prison. Accordingly, the trial court rescheduled the hearing.

Therein, the court indicated standby counsel's attempts to reach Appellant had been unsuccessful, but counsel informed the court "he was making every attempt" to do so. In addition, the trial court also stated that to date, it had not received Appellant's statement pursuant to Pa.R.A.P. 1925(b), and as a result it was unsure as to what issues he intended to raise on appeal or whether he planned to pursue his appeal at all. Trial Court Opinion, 8/19/15, at 2.

On August 26, 2015, Appellant filed his "Statement of Matters Complained of Under Pa.R.A.P. 1925(b)" wherein he indicated he intended to raise the following issues on appeal:

I. Whether the Commonwealth had sufficient evidence to sustain a guilty verdict of felony three fleeing or attempting to elude police officer in that:
   A. The Commonwealth failed to establish that [Appellant] endangered a law enforcement officer or member of the general public due to the defendant engaging in a high speed chase.

II. Whether the trial court erred in denying Appellant's post sentence motion arguing that the juries [sic] verdicts were against the weight of the evidence as:
   A. There was a lack of physical evidence
   B. Officer Craven's testimony contradicted the affidavit of probable cause.
   C. Officer Craven's testimony contradicted his own testimony during the preliminary hearing.
   D. Dash camera video did not provide evidence that [Appellant] was driving the vehicle.

III. Whether [Appellant] was denied rights granted by the 6th Amendment and Section 9 of the PA constitution by not compelling Sunciarai Manning to Testify.

IV. Whether the Court had jurisdiction over the defendant?

In the "Statement of the Questions Involved" portion of his appellate brief, Appellant presents these same claims. *See* Brief for Appellant at 5.

Before we consider the merits of the questions Appellant has raised for our consideration, we must first determine whether he has preserved them for our review. The Commonwealth asserts Appellant has waived all issues for our review for his failure file a Pa. R.A.P. 1925(a) statement. While the Commonwealth acknowledges Appellant filed his "Notice" with the Clerk of Courts on May 5, 2015, it posits it cannot be considered filed due to its vagueness. The Commonwealth further avers the fact that the trial court indicated in its August 20, 2015, Opinion it had not received a Pa.R.A.P. 1925 statement from Appellant evinces the latter failed to serve both the trial court and the Clerk of Courts with this document in accordance with the Pennsylvania Rules of Appellate Procedure. Finally, the Commonwealth stresses that the "Statement of Matters Complained of Under Pa.R.A.P. 1925" which Appellant ultimately filed on August 26, 2015, was not accompanied by a motion requesting the trial court to accept the filing *nunc pro tunc* as Pa.R.A.P. 1925(b)(2) provides it with the authority to do in extraordinary circumstances.[4] As such, the Commonwealth reasons this filing was a legal nullity and should not be considered by this Court.

_____

[4] Pa.R.A.P. 1925(b)(2) provides that: "[u]pon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed. . . . *(Footnote Continued Next Page)*

Upon our review of the record, we disagree that Appellant did not timely file his "Notice" as a purported Pa.R.A.P. 1925(a) statement. While the trial court did indicate in its Opinion it had not yet received Appellant's Pa.R.A.P. 1925(b) statement, it makes no mention of the previously filed Notice which purports to be one. Appellant, who was incarcerated at the time he prepared the Notice, addressed the document to the trial court and attached a Certification of Service thereto indicating that on April 27, 2015, he served it upon the trial court, the Clerk of Courts, and the Prothonotary of this Court. Notwithstanding, the certified record indicates that on May 5, 2015, a *pro se* correspondence was served only upon the York County District Attorney's Office. As such, it appears Appellant attempted to file properly his Notice which bears a time stamp of the Clerk of Court Office; thus, we will deem Appellant's Notice to have been a timely filing of 1925(b) statement under these circumstances, as it was filed within twenty-one days of the trial court's order.

---

*(Footnote Continued)* ────────────────

In extraordinary circumstances, the judge may allow for the filing of a Statement of amended or supplemental Statement *nunc pro tunc*." **See also Commonwealth v. Woods,** 909 A.2d 372, 378 (Pa.Super 2006) (stating that an appellant who has filed a timely Pa.R.A.P. 1925(b) statement and later for good cause shown discovers additional time is required in which to file a supplemental Pa.R.A.P. 1925(b) statement, he may file a separate petition seeking permission to file a supplemental Pa.R.A.P. 1925(b) statement *nunc pro tunc*).

In any event, as this Court has noted, a timely-filed Pa.R.A.P. 1925(b) statement does not automatically equate to issue preservation. ***Jiricko v. Geico Ins. Co.***, 947 A.2d 206, 210 (Pa.Super. 2008). "[T]he Pa.R.A.P.1925(b) statement must be sufficiently 'concise' and 'coherent' such that the trial court judge may be able to identify the issues to be raised on appeal. . . ." ***Id.***

> Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process. When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues. In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all. While **[Commonwealth v.] Lord**[,] [553 Pa. 415, 719 A.2d 306 (1998)] and its progeny have generally involved situations where an appellant completely fails to mention an issue in his Concise Statement, for the reasons set forth above we conclude that **Lord** should also apply to Concise Statements which are so vague as to prevent the court from identifying the issue to be raised on appeal.

***Commonwealth v. Dowling***, 778 A.2d 683, 686-87 (Pa.Super. 2001) (citations and quotation marks omitted).

We find that the issues Appellant listed in his "Notice" fail to adequately and concisely identify the issues he sought to pursue on appeal. Instead, he presented vague fragmented statements and phrases without specifying to which of his convictions they pertained. As such, even if it had had the document in its possession, the trial court would have been impeded

in its preparation of a meaningful legal analysis. Similarly, Appellant's attempt to preserve his issues for appellate review by filing a Rule 1925(b) statement on August 26, 2015, must fail. As noted, the trial court ordered Appellant to file his Rule 1925(b) statement within twenty-one days in its April 16, 2015, Order. Appellant filed his Rule 1925(b) statement over four months later; therefore, it is patently untimely.

We acknowledge that Appellant is proceeding *pro se* in this appeal, and had requested the assistance of standby counsel simply to aid in his "formatting" of the appeal; however, his status as a *pro se* litigant does not entitle him to any advantage due to his lack of legal training. Further, a layperson choosing to represent himself in a legal proceeding to a reasonable extent assumes the risk that his lack of legal training will place him at a disadvantage. ***Kovale v. Sowell***, 839 A.2d 359, 367 n. 7 (Pa. Super. 2003). Accordingly, a *pro se* litigant must still comply with the Pennsylvania Rules of Appellate Procedure. ***Jones v. Rudenstein****,* 585 A.2d 520, 522 (Pa.Super. 1991) (citing ***Farretta v. California****,* 422 U.S. 806, 834 n. 46 (1975)).

Herein, the trial court specifically informed Appellant as it had done previously with regard to his filing of post-sentence motions that by proceeding *pro se* he would be bound by the rules of appellate procedure and his failure to abide by them would put him at risk of waiving important issues on appeal. N.T., 6/4/15, at 2-6. Nevertheless, Appellant indicated

he wished to proceed *pro se*, and only after the trial court filed its Opinion pursuant to Pa.R.A.P. 1925(a) did he file his Pa.R.A.P. 1925(b) statement. At no time did he indicate he wanted standby counsel to assist with the substantive aspects of his appeal, like the preparation of a Pa.R.A.P. 1925(b) statement. Even were his declaration that he wanted the assistance of standby counsel "just for the formatting" to be so construed, the trial court advised him he bore the responsibility of adhering to the Pennsylvania Rules of Appellate Procedure which required him to file a corresponding motion seeking permission to supplement his previously-filed Notice by filing a Pa.R.A.P. 1925(b) statement *nunc pro tunc*. **See** Pa.R.A.P. 1925(b)(2); **Woods**, **supra**. Appellant never did so.

For all of the foregoing reasons, we find Appellant has failed to preserve the issues he may have raised on appeal in a properly filed Rule 1925(b) statement. As such, we affirm his judgment of sentence.

Judgment of Sentence Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/17/2016