J-S02042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| IAN MATTHEW PANYKO | : | |
| Appellant | : | No. 2292 EDA 2017 |

Appeal from the Order June 16, 2017
In the Court of Common Pleas of Bucks County Criminal Division at No(s):
CP-09-CR-0004425-2005

BEFORE:   BOWES, J., NICHOLS, J., and RANSOM*, J.

MEMORANDUM BY RANSOM, J.:                         **FILED MARCH 13, 2018**

Appellant, Ian Matthew Panyko, appeals from the order of June 16, 2017, denying his petition for expungement.  We affirm.

In 2005, Appellant was charged with corruption of minors, use/possession of drug paraphernalia, and possession of marijuana.[1]  After Appellant completed accelerated rehabilitative disposition ("ARD"), all charges were *nolle prossed* in September 2006.  In April 2017, Appellant filed a petition for expungement.  During the expungement hearing, the Commonwealth asserted and Appellant admitted that he had been arrested for forgery and other related charges three days prior to signing his ARD

_____

[1] 18 Pa.C.S. § 6301(a) and 35 P.S. §§ 780-113(a)(32) and (31), respectively.

_____

application for the current action,[2] but, in completing the application, he failed to disclose the forgery and other related charges.[3] The trial court denied Appellant's motion for expungement in June 2017.

On July 14, 2017, Appellant timely appealed. On July 20, 2017, the trial court ordered Appellant to file a concise statement of the errors complained of on appeal within twenty-one days of the entry of the order. Appellant filed a document entitled "Defendant's Response to Order for Concise Statement" ("Response"). Instead of a list of errors or abuses of discretion that Appellant asserts were made by the trial court, Appellant filed a four-page argument, similar to a memorandum of law.

In August 2017, the trial court entered an opinion pursuant to Pa.R.A.P. 1925(a), finding that Appellant "has waived all issues" "[d]ue to his failure to file an appropriate concise statement of errors complained of on appeal, as directed by th[e trial c]ourt" and "recommend[ing] that this appeal be dismissed." Trial Court Opinion, 8/25/17, at 1. The trial court stated that a "review of that 'Response' indicates that it is neither concise nor does it identify with any specificity the alleged errors th[e trial c]ourt

_____

[2] Appellant later pleaded guilty to these charges. **See** Docket No. CP-09-CR-0007851-2005.

[3] The ARD application that Appellant signed stated: "I hereby certify that there are no pending prosecutions against me in this or any other state nor am I currently on probation or parole for any offense." Ex. P-1.

may have committed in denying [Appellant's] request for expungement."

*Id.* at 2. The trial court noted:

> While suggesting that the Commonwealth has not demonstrated an overriding societal interest in preserving [Appellant's] records in accordance with the due process considerations announced in [***Commonwealth v.***] ***Wexler***[, 431 A.2d 877 (Pa. 1981),] and other companion case law such as ***Commonwealth v. Armstrong***, 434 A.2d 1205 (Pa. 1981), [Appellant]'s "Response" does not acknowledge or address the underlying basis for the Commonwealth's objection to, and th[e trial c]ourt's denial of, [Appellant's] petition for expungement.

*Id.* at 4. The trial court asserted that it "cannot and is not permitted to guess what issues [Appellant] is appealing, and as a result, [it is] prevented from conducting a meaningful review and providing a competent legal analysis of those issues," concluding that "no issues have been preserved for meaningful appellate review." *Id.* at 3, 5.

The fact that Appellant timely filed a Pa.R.A.P. 1925(b) statement does not automatically equate with issue preservation. Our law makes it clear that Pa.R.A.P. 1925(b) is not satisfied by simply filing any statement. ***Tucker v. R.M. Tours***, 939 A.2d 343 (Pa. Super. 2007). This Court explained in ***Riley v. Foley***, 783 A.2d 807, 813 (Pa. Super. 2001), that Rule 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal.

The Rule states: "The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify

all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). An appellant's concise statement of matters complained of on appeal must properly specify the error or errors to be addressed on appeal. *In re A.B.*, 63 A.3d 345 (Pa. Super. 2013).

"The Pa.R.A.P. 1925(b) statement must be sufficiently concise and coherent such that the trial court judge may be able to identify the issues to be raised on appeal." *Commonwealth v. Ray*, 134 A.3d 1109, 1114 (Pa. Super. 2016) (citations and internal brackets and quotation marks omitted). "When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." *Id.* (citation omitted).

Here, the defects in the Response are substantial, and we agree with the trial court that Appellant's Response was not sufficiently concise and coherent as to enable the court to conduct a meaningful review of the issues he sought to raise, and he has not preserved them for purposes of appeal. *See Ray*, 134 A.3d at 1114; *Tucker*, 939 A.2d at 346 ("this type of extravagant 1925(b) statement makes it all but impossible for the trial court to provide a comprehensive analysis of the issues"). Based upon our review of the Response, we likewise have difficulty discerning what exact issues Appellant was raising.[4] The defects in Appellant's Rule 1925(b) statement

---

[4] To the extent that we can surmise Appellant's issues in his Response at all, we would conjecture that he is contending that: (1) the trial court failed to "consider" his "completion of the ARD Program"; and (2) he was "deprived of
*(Footnote Continued Next Page)*

are so substantial as to preclude meaningful review.  As Appellant does not clearly state his challenges, we affirm on the basis that Appellant has waived all issues on appeal due to his improper concise statement.  ***See Tucker***, 939 A.2d at 346.

Order affirmed.

Judge Nichols joins.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/18

*(Footnote Continued)* ——————————

his due process rights, as the Commonwealth did not, pursuant to ***Commonwealth v. Armstrong***[, 434 A.2d 1205 (Pa. 1981),] establish an 'overriding societal interest,' using the ***Wexler*** factors, [***Commonwealth v. Wexler***, 431 A.2d 877 (Pa. 1981),] as to why the *nolle prossed* charges should not be expunged."  Response at 3-4.

The statement of the question involved in Appellant's Brief to this Court asks:  "Did the trial court err by denying, without a hearing, the Appellant's expungement petition relating to criminal charges which were *nolle prossed* following the successful completion of the [ARD] program?"  Appellant's Brief at 4.

Assuming Appellant preserved any issues, we would still affirm the trial court's denial of Appellant's expungement petition, because Appellant made a false statement on his ARD application and was convicted of forgery and related felony charges while participating in the ARD program.