J-S28007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| NATHAN MANIGO | : | |
| | : | |
| Appellant | : | No. 1468 MDA 2017 |

Appeal from the PCRA Order August 31, 2017
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s):  CP-35-CR-0000147-2016

BEFORE:  OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

JUDGMENT ORDER BY OLSON, J.:                **FILED JULY 09, 2018**

Appellant, Nathan Manigo, appeals *pro se* from the August 31, 2017 order dismissing his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We dismiss the appeal.

As our disposition is based on the procedural posture of this case, we decline to set forth the factual background.  On December 14, 2016, Appellant pled guilty to possession with intent to deliver a controlled substance.[1]  On March 2, 2017, the trial court sentenced Appellant to 21 to 42 months' imprisonment.  Appellant did not file a direct appeal.

On April 27, 2017, Appellant filed a *pro se* PCRA petition.  The PCRA court appointed counsel; however, Appellant indicated that he wished to

_____

[1] 35 P.S. § 780-113(a)(30).

proceed *pro se*. The PCRA court held a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998), concluded that Appellant knowingly and intelligently waived his right to PCRA counsel, and permitted him to proceed *pro se*. On August 31, 2017, the PCRA court dismissed the petition. This timely appeal followed.[2]

Appellant presents five issues for our review:

1. Did the [trial] court abuse its discretion[ ] when it did nothing to protect the integrity of the [suppression hearing] . . . ?

2. Did counsel render ineffective assistance . . . [by not pursuing the suppression issue]?

3. Was [A]ppellant[']s plea unlawfully induced . . . ?

4. [Did the PCRA court err in finding that no compact disk existed?]

5. Did the [PCRA] court err[] in denying [A]ppellant a PCRA hearing . . . ?

Appellant's Brief at 5.

Prior to addressing the merits of these issues, we address a preliminary matter. As noted above, Appellant was entitled to counsel for this, his first, PCRA petition. Appellant, chose, however, to prosecute his PCRA petition *pro se*. Although he is *pro se*, Appellant must comply with the Pennsylvania Rules of Appellate Procedure. ***Commonwealth v. Ray***, 134 A.3d 1109, 1115 (Pa.

---

[2] The PCRA court did not order Appellant to file a concise statement of errors complained of no appeal. ***See*** Pa.R.A.P. 1925(b). Nonetheless, on January 10, 2019, it issued an opinion setting forth its rationale for denying the petition.

Super. 2016) (citation omitted). Pennsylvania Rule of Appellate Procedure 2119(a) provides that, "The argument [section of an appellant's brief] shall be divided into as many parts as there are questions to be argued[.]" Pa.R.A.P. 2119(a). In this case, Appellant failed to divide the argument section of his brief into five sections, *i.e.*, the number of questions to be argued. Instead, he made rambling arguments in one, large, incomprehensible section of his brief. As this substantial defect hinders our review of this appeal, we dismiss the appeal. *See* Pa.R.A.P. 2101 (providing for dismissal of appeals where there are substantial defects in the appellant's brief).

Appeal dismissed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/09/2018