J-S54042-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
MICHAEL ALLEN BAILEY :
:
Appellant : No. 513 WDA 2018

Appeal from the Judgment of Sentence March 9, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003243-2016

BEFORE: PANELLA, J., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.: FILED SEPTEMBER 12, 2018

Michael Allen Bailey (Appellant) appeals pro se from the judgment of sentence imposed by the trial court after a jury convicted him of burglary, criminal trespass, and theft by unlawful taking.[1] We affirm.

Appellant's convictions arise from a residential burglary in Millcreek Township, Pennsylvania. Affidavit of Probable Cause, 8/25/16, at 1. A caretaker, upon arriving at the residence, saw Appellant through a front window. Id. When Appellant exited the rear of the residence, the caretaker told Appellant she was calling the police. Id. Appellant fled, but the police subsequently apprehended him. Id. Upon further investigation, the Commonwealth charged Appellant with the above crimes.

_____

[1] 18 Pa.C.S.A. §§ 3502(a)(2), 3503(a)(1), and 3921(a).

The trial court presided over Appellant's four-day jury trial in February of 2018, after which the jury returned its guilty verdicts. On March 9, 2018, the trial court sentenced Appellant to an aggregate 3 to 22 years of incarceration.[2] The trial court had the benefit of two pre-sentence reports, and heard from both parties before imposing Appellant's standard range sentence. Appellant filed this timely appeal.

Preliminarily, we note that Appellant has appeared pro se throughout this case. At trial, the court appointed standby counsel, "who had formerly represented Appellant and who was familiar with his case." Trial Court Opinion, 5/25/18, at 3 n.3. Thereafter, Appellant engaged in a pro se colloquy for purposes of this appeal. Id.

The trial court and Appellant have complied with Pa.R.A.P. 1925. The trial court described Appellant's issues as "indecipherable" and found that Appellant waived "all appellate issues due to his vague, verbose, and voluminous Concise Statement." Trial Court Opinion, 5/25/18, at 4-5. In concluding that Appellant's issues lacked merit, the trial court additionally took "the proverbial stab at interpreting [Appellant's] claims." Id. at 5. We are not so inclined.

Appellant presents this Court with 54 issues. See Appellant's Brief at 21-29. In addition, his brief is rife with rambling discourse and nonsensical

_____

[2] The trial court sentenced Appellant to 30-240 months for burglary, a concurrent 16 to 120 months for criminal trespass, and 6 to 24 months for theft by unlawful taking.

invectives, and his arguments – to the extent we can discern them – are devoid of any coherence from which to conduct meaningful review. Commonwealth v. Gibbs, 981 A.2d 274, 284 (Pa. Super. 2009) (It is an appellant's obligation to sufficiently develop arguments in his brief by applying the relevant law to the facts of the case, persuade this Court that there were errors below, and convince us relief is due because of those errors.). Moreover, Appellant's pro se status "does not entitle him to any advantage due to his lack of legal training [and] a layperson choosing to represent himself in a legal proceeding to a reasonable extent assumes the risk that his lack of legal training will place him at a disadvantage. Commonwealth v. Ray, 134 A.3d 1109, 1114 (Pa. Super. 2016) (citation omitted).

Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/2018