J-S24020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOHN LINSAY :
:
Appellant : No. 2545 EDA 2018

Appeal from the Order Entered July 20, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0015270-2013

BEFORE: LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.: **FILED AUGUST 09, 2019**

John Linsay appeals from the order denying his petition filed under the

Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On February 8, 2016, Linsay entered a negotiated guilty plea to third-

degree murder and carrying a firearm without a license.[1] The same day,

according to the terms of the plea deal, the court imposed an aggregate

sentence of 17½ to 35 years' imprisonment. Linsay did not file a direct appeal.

Linsay filed the instant PCRA petition, his first, on December 4, 2016.

The petition is three pages long, and includes a request for appointed counsel,

---

* Former Justice specially assigned to the Superior Court.

[1] *See* 18 Pa.C.S.A. §§ 2502(c) and 6106, respectively.

a statement of jurisdiction, an assertion of timeliness, and a proof of service. However, it does not assert any error, either by the court or trial counsel.

The court appointed counsel, who filed a **Finley**[2] letter and motion to withdraw as counsel. The **Finley** letter stated that Linsay raised no issues in his petition, and that counsel's independent review indicated that no issues of arguable merit existed. The court issued notice of its intent to dismiss the petition without a hearing, to which Linsay did not respond. The court thereafter dismissed the petition and granted counsel's request to withdraw.

Linsay filed a *pro se* notice of appeal.[3, 4] The PCRA court ordered Linsay to file a concise statement of errors complained of on appeal, pursuant to Rule 1925(b) of the Rules of Appellate Procedure. **See** Pa.R.A.P. 1925(b). Linsay did not file a Rule 1925(b) Statement. In its opinion, the PCRA court concluded that Lindsay waived all claims by his failure to file a Statement.

---

[2] **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[3] The notice of appeal failed to state the date of the order being appealed; however, the trial court docket reflects the final order denying Linsay's PCRA petition was entered on July 20, 2018, and we have amended the caption accordingly.

[4] The notice of appeal was received by the PCRA court on August 21, 2018, one day after the August 20, 2018 deadline. However, Linsay dated the notice August 20, 2018, and according to the PCRA court, the envelope in which the notice was mailed was also postmarked with that date. **See** Trial Court Opinion, filed 11/13/18, at 2 n.1. According to the prisoner mailbox rule, we deem August 20, 2018, as the date of filing, and the notice of appeal as timely. **See Commonwealth v. Wojtaszek**, 951 A.2d 1169, 1170 (Pa.Super. 2008).

Before addressing the merits of the issues Linsay raises on appeal, we must address his failure to file a Rule 1925(b) Statement. In this Court, Linsay has filed a document titled "Rule 1925(b) Filing Incompetence" in which he argues that we should not deem his issues waived. Linsay asserts that he filed a docketing statement with this Court, even before the PCRA court ordered him to file a Rule 1925(b) Statement, which was more extensive than a 1925(b) Statement would have been. According to Linsay, the proof of service indicated that the docketing statement was to be served upon the PCRA court as well, and the PCRA court could have gleaned his issues from the docketing statement and the PCRA petition.[5] Linsay argues the court should liberally construe his pleadings, as he is a *pro se* litigant. Finally, Linsay asserts that at the time the Statement was due, the prison was undergoing a transition in its mailing procedures, although he does not explain whether this prevented him from mailing a Statement.

The assertions in this document do not save Linsay's appeal from waiver under Rule 1925(b). According to Rule 1925(b), an appellant who is ordered to file a Statement must do so; any issues not raised in the Statement will be deemed waived. Pa.R.A.P. 1925(b)(4)(vii);[6] **Commonwealth v. Hill**, 16 A.3d

---

[5] Linsay references "Section 4 (pertaining to claims raised) and Section 14 (pertaining to argument and citations of law)" of his PCRA petition; however, his petition did not contain any such sections.

[6] Amendments to Rule 1925 which do not affect our disposition will take effect on October 1, 2019.

484, 494 (Pa. 2011). The Rule applies with equal force with *pro se* appellants. *See **Commonwealth v. Ray***, 134 A.3d 1109, 1114 (Pa.Super. 2016); ***Commonwealth v. Postie***, 110 A.3d 1034, 1041 & n.8 (Pa.Super. 2015). Linsay did not file a Statement. Nor did he request the PCRA court for an extension of time. ***See*** Pa.R.A.P. 1925(b)(2) (allowing extension of time upon application of the appellant and for good cause shown). We are therefore constrained to find all issues waived.

Had Linsay not waived these issues by failing to file a Rule 1925(b) Statement, we would nevertheless find his issues waived by his failure to raise them before the PCRA court. In his brief, Linsay raises three issues: (1) that his trial counsel was ineffective, (2) that his guilty plea was invalid, and (3) that his PCRA counsel was ineffective. However, Linsay did not include these arguments in his original or an amended petition, and he failed to raise them in response to the court's notice of its intention to dismiss. We cannot address these issues for the first time on appeal, and Linsay's failure to raise them before the PCRA court results in their waiver. ***See*** Pa.R.A.P. 302(a).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/9/19</u>