J-S32001-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| B.S. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| S.P. | : | |
| | : | |
| Appellant | : | No. 3011 EDA 2019 |

Appeal from the Order Entered September 23, 2019
In the Court of Common Pleas of Lehigh County Domestic Relations at
No(s):  No. DR-14-01312

BEFORE:   KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED JULY 17, 2020**

Appellant, S.P. ("Father"), *pro se*, appeals from the child support order of September 23, 2019.  We affirm.

"To quote the trial court, 'This has been a long and contentious dissolution of a marriage and family involving a tortured procedural history due to multiple family, civil, and criminal court actions and various interlocutory appeals and petty behavior on the part of both parties.'" ***S.P. v. B.S.***, Nos. 1204 and 1205 EDA 2018, unpublished memorandum at 2 (Pa. Super. filed January 16, 2019) (quoting Trial Court Opinion, dated May 24, 2018, at 9).  The current appeal is at least the seventh appeal to this Court involving these parties.  ***See S.P. v. B.S.***, No. 2844 EDA 2016, order (Pa. Super. filed October 14, 2016) (quashed *sua sponte*); [***S.P.***] ***v.***[***B.S.***], No.

---

[*] Retired Senior Judge assigned to the Superior Court.

3681 EDA 2016, order (Pa. Super. filed February 14, 2017) (quashed *sua sponte*); [**S.P.**] **v.** [**B.S.**], No. 323 EDA 2017, order (Pa. Super. filed March 15, 2017) (quashed *sua sponte*); **B.S. v. S.P.**, 185 A.3d 1137, No. 394 EDA 2017, unpublished memorandum (Pa. Super. filed February 22, 2018); **S.P.**, Nos. 1204 and 1205 EDA 2018.  This Court has previously summarized the facts and procedural history of this child support action as follows:

> [Defendant/Appellant] Father, [S.P.], and [Plaintiff/Appellee] Mother, [B.S.], were married in India [i]n March [] 2005.  Father [was] born [i]n October [] 1975.  Mother[ was] born [in] February [] 1983.  Together, they resided in [the marital residence].  There are two children born to the marriage, [S.H.S.,] [a boy], [born 2005], and [S.S.,] [a girl], [born 2007].
>
> ***
>
> On August 8, 2014,[1] Mother filed a Complaint for spousal and child support.  On August 18, 2014, Father was served with the Complaint at the Domestic Relations Office.  The following day, Mother withdrew her Complaint for support.
>
> On April 1, 2015, Mother filed a Complaint for child and spousal support.  Father was served with the Complaint on April 6, 2015.  A conference was held on May 18, 2015. . . . An Interim Order was entered after a conference . . . in the amount of $1,436.99 per month for child support based upon the court's determination that Mother's monthly net income is $4,590.99 or $1,067 weekly and Father's monthly net income is $4,698.31 or $1,093 weekly.  Mother's

---

1    Father initiated the first custody proceedings during 2014, to prevent what he believed was Mother's intention[] to take the children to India.  The 2014 [custody] proceedings culminated with Father withdrawing his custody complaint after the trial court issued an order that precluded Mother [from] traveling with the children outside of Pennsylvania.

**S.P.**, Nos. 1204 and 1205 EDA 2018, at 2.

spousal support complaint was dismissed as no award was warranted based upon her earnings.

At that time, Mother worked as a Software Tester, a contract employee, of Agreeya Solutions at Deloitte of Folsom, California; the contract ended May 30, 2015. She has a Bachelor's degree in Computer Application. Mother pays $650 monthly for personal health insurance for the entire family. Father was added June 1, 2015. Father is the sole owner and employee of Lehigh Innovations, Inc. He provided his own income tax return but not that of the business. Therefore, the Conference Officer attributed a monthly earning capacity for him based upon his monthly expenses of $5,984.00.

The parties were conflicted as to whether Father resided at the marital residence. Mother was found to be more credible. No agreement was reached; a hearing was scheduled.

On June 1, 2015, Father filed a Petition for Modification of an Existing Support Order. He alleged that he was currently residing in the marital residence and paying related expenses.

A hearing [took place] before Hearing Officer Betz . . . on July 29, 2015, . . . HO Betz . . . recommended an order for $914.00 monthly for child support, based upon Mother's net monthly income of $4,757.00 or $1,106 weekly and Father's net monthly income of $3,852.00 or $895 weekly.

At that time, Father was unemployed. His income was corroborated with a 2014 Federal Tax Return, with $24,584 annual income, and an IRA distribution of $49,480.00, $33,480.00 of which was rolled over into another retirement account. Father generates income from his employment as well as from the profits derived from the operation of his corporation, a Sub S Company. He did not report any information on his own 2014 Federal Tax return as to the operation of the business nor did he provide a Profit and Loss Schedule.

HO Betz stated that it was disturbing to him that Father testified that he is "currently on an extension for 2014 to provide the financial information associated with the operation of the company." Ultimately, largely due to the

lack of corroborating documentation as to the income or expenses of the corporation, Father was assessed an earning capacity of $30.00 per hour with a net monthly income of $3,852.00 or $895 weekly.

HO Betz concluded that Mother was entitled to spousal support. Nevertheless, after completing the calculation for spousal support that resulted in a negative number, he concluded that spousal support was not financially warranted.

Although Mother testified that she provided for the health insurance for the family at a substantial cost, she failed to provide an insurance card or any documentation of same to confirm the expense of the coverage. Therefore, the HO did not consider it as part of the calculation.

[HO Betz authored a recommended support order on August 13, 2015, incorporating these findings].

[Mother filed] Support Exceptions [to the August 13, 2015, recommended Order] on August 24, 2015, requesting credit for the health insurance that she provided for the family. [She withdrew] the exceptions . . . on September 3, 2015.

Mother's Petition for Modification. On September 3, 2015, Mother filed a Petition for Modification of the August 13, 2015, Order. Paragraph 2 of her Petition reads: "Petitioner is entitled to reinstatement because of the following material and substantial change in circumstance: the Health Insurance Premium Amount, $653.37--like before."

A conference was held on November 17, 2015, before [the same hearing officer as before]. At the conference, medical insurance coverage was established at $653.37 and child care costs of $279.30 weekly. At the time of the conference, Mother was employed as a contractor. Mother's income is based upon her pay of $45 per hour at full time. At the time of the conference, Father was unemployed and was attributed with an earning capacity as established in the August 13, 2015, Order.

Mother's Alimony Pendente Lite (APL). On February 3, 2016, Mother filed a Praecipe for [APL] which was Count 1 of the Counterclaim in the February 3, 2016, Answer and

> Counterclaim in Divorce filed [in the Court of Common Pleas of Lehigh County].[2]
>
> Hearings were held on January 12, 2016, and February 11, 2016. On March 14, 2016, HO Betz recommended a [four - phase support order encompassing Father's varying support obligations effective from September 3, 2015 to December 3, 2014, December 4, 2015 to December 31, 2015, January 1, 2016 to February 2, 2016, and February 3, 2016 forward]. The four-phase order was due to the multiple petitions, the different filing dates of the petitions, the changing incomes of Mother and of Father, the changing expenses of health insurance, child care, and, finally, the mortgage deviation.

Trial Court Memorandum Decision, 12/20/16 at 1-5.

> On April 4, 2016, Father filed his "Child Support and Alimony Pendente Lite (APL) Exceptions[.]" By Order dated December 20, 2016, the trial court reduced Father's arrearages by $94.62--in acceptance of Father's exception to the amount of the health insurance expense that was attributable to the children--but otherwise made final the interim Order of Support of March 14, 2016.

**B.S.**, No. 394 EDA 2017 at 2-4. Father filed a timely appeal, and this Court affirmed the support order on February 22, 2018. **Id.** at 1. On March 6, 2018, Father filed a petition for modification of the support order.

On March 14, 2018, the trial court entered a "stipulated final custody order, granting Mother and Father shared legal custody of S.H.S. and S.S[.], and awarding Mother primary physical custody of the children with Father having partial physical custody on alternating weekends." **S.P.**, Nos. 1204

---

[2] "Mother revived the custody litigation during 2016 in response to [F]ather's divorce complaint, which had neglected to include a count for custody." **Id.** at 2-3.

and 1205 EDA 2018 at 3. This Court affirmed the custody order on January 16, 2019. *Id.* at 1.

While the appeal of the custody order was pending, on May 31 and October 29, 2018, a Master held a hearing on Father's petition for modification of the support order. On November 1, 2018, Father filed an "Emergency Motion to Grant to Relief for Child Support Pursuant to Custody Order Dated March 14, 2018" (hereinafter "Emergency Motion"). On November 6, 2018, he filed a "Petition to Open Record to Include Attached Exhibits in the Master In-Support Hearing Held on October 29, 2018 Due to the Fact that the Master In-Support Willfully Did Threaten [Father] to Not to [*sic*] Submit the Attached Exhibits During that Hearing with Intent of Abuse of Judicial Office, and These Attached Exhibits/Evidences are Required to Support Existing Facts in the Hearing Held October 29, 2018" (hereinafter "Petition to Open Record"). Following this Court's affirmance of the custody order, on January 25, 2019, the trial court denied both motions.

"On June 20, 2019, [the Master] issued a Summary Report Order resolving several petitions for modification of child support and *Alimony Pendente Lite*. Thereafter, [Father] and [Mother] both filed exceptions to the Hearing Officer's Report and Recommendation." Trial Court Opinion, dated December 4, 2019, at 1. On July 25, 2019, Father filed a "Motion to Grant Relief to Refund Excess Monies from the Child Support Payments Already Paid pursuant to this Court Orders Dated March 14, 2016 and December 20, 2016" (hereinafter "Motion to Grant Relief to Refund Excess Monies") requesting that

Mother pay him $11,575.60 that he alleged "was illegally collected" from him. Motion to Grant Relief to Refund Excess Monies, 7/25/2019, at 2 ¶ 5.

"Th[e trial c]ourt held argument on August 14, 2019. By Order dated September 19, 2019 and filed September 23, 2019, th[e trial c]ourt denied the exceptions and made the June 20, 2019 Order a final order of court." Trial Court Opinion, dated December 4, 2019, at 1. That same day, the trial court also denied the Motion to Grant Relief to Refund Excess Monies. On October 22, 2019, Father filed this timely appeal.

On November 15, 2019, Father filed his statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) ("Rule 1925(b) Statement"), in which --

> [Father] raises forty-two allegations of errors related to the September 23, 2019 Final Order for Child Support, four allegations of error related to the September 23, 2019 Order denying his Motion to Grant Relief to Refund Excess Monies, three allegations of error related to the January 25, 2019 Order dismissing his Petition to Open Record, and one allegation of error related to the January 25, 2019 Order denying his emergency motion.

*Id.* at 3.

The fact that Appellant timely filed a Rule 1925(b) statement does not automatically equate with issue preservation. Our law makes it clear that Pa.R.A.P. 1925(b) is not satisfied by simply filing any statement. *Tucker v. R.M. Tours*, 939 A.2d 343 (Pa. Super. 2007). This Court explained in *Riley v. Foley*, 783 A.2d 807, 813 (Pa. Super. 2001), that Rule 1925 is a crucial

component of the appellate process, because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal.

The Rule states: "The Statement shall **concisely** identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii) (emphasis added); **see also Commonwealth v. Ray**, 134 A.3d 1109, 1114 (Pa. Super. 2016) ("The Pa.R.A.P. 1925(b) statement must be sufficiently **concise and coherent** such that the trial court judge may be able to identify the issues to be raised on appeal." (emphasis added) (citations and internal brackets and quotation marks omitted)).

In his Rule 1925(b) Statement, Father raised **fifty** claims across ten pages. The Rule 1925(b) Statement was so voluminous, with several issues "unrelated to the conduct of th[e c]ourt[,]" that the trial court could not "address every allegation of error, but rather [addressed] a select few, which demonstrate that this appeal lacks merit." Trial Court Opinion, dated December 4, 2019, at 4-5. This Court has chastised appellants for unnecessarily verbose statements of error. **See Tucker**, 939 A.2d at 346 (citing **Jones v. Jones**, 878 A.2d 86, 90 (Pa. Super. 2005); **Kanter v. Epstein**, 866 A.2d 394, 401 (Pa. Super. 2004)) ("this Court has held that when appellants raise an 'outrageous' number of issues in their 1925(b) statement, the appellants have deliberately circumvented the meaning and purpose of Rule 1925(b) and have thereby effectively precluded appellate

review of the issues they now seek to raise"; "such 'voluminous' statements do not identify the issues that appellants actually intend to raise on appeal" (some internal quotation marks omitted)). Father's Rule 1925(b) Statement was not sufficiently concise and coherent as to enable the court to conduct a meaningful review of the issues he sought to raise, and he has not preserved them for purposes of appeal. *See Ray*, 134 A.3d at 1114; *Tucker*, 939 A.2d at 346 ("this type of extravagant 1925(b) statement makes it all but impossible for the trial court to provide a comprehensive analysis of the issues"). The defects in Father's Rule 1925(b) Statement are so substantial as to preclude meaningful review.

Despite this long-winded statement of errors, Father still failed to include all of the challenges that he raises in his "Statement of the Questions Involved" in his appellate brief pursuant to Pa.R.A.P. 2116 ("Rule 2116 Statement"), and we find these claims waived for this reason as well. Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."). Specifically, the Paragraph 6 in his Rule 2116 Statement is:

> Did the trial court commit an abuse of discretion and errors of law including (a). Failed to conduct an evidentiary hearing with sworn testimony, (b). Without legal procedure followed [*sic*] and (c). Failed to grant 20% reduction in support obligation in his Motion to Grant Relief to Refund Excess Monies?

Father's Brief at 3 ¶ 6. We cannot discern what Father meant by the incomplete phrase "[w]ithout legal procedure followed[,]" and Father's Rule

1925(b) Statement made no mention of the trial court's decision not to hold an evidentiary hearing on the Motion to Grant Relief to Refund Excess Monies nor to grant a 20% reduction in his support obligation. ***Id.***[3] As Paragraph 6 in the Rule 2116 Statement is the only one to discuss the Motion to Grant Relief to Refund Excess Monies, we find all questions relating to the Motion to Grant Relief to Refund Excess Monies to be waived for this reason as well.

Additionally, the Rule 2116 Statement raises no issues relating to the Petition to Open Record and the Emergency Motion, unlike the Rule 1925(b) Statement that raised three challenges to the denial of the Petition to Open and one challenge to the denial of the Emergency Motion. ***Compare*** Father's

---

[3] The questions listed in the Rule 1925(b) Statement about the Motion to Grant Relief to Refund Excess Monies were as follows:

1.    The trial court abused its discretion, erred in concluding that the trial court did not grant relief to [Father] and then made irreparable injury to [Father] and the Children's welfare.

2.    The trial court abused its discretion and erred in entering orders that the trial court acted as a safe heaven [*sic*] to [Mother] to acquire the money illegally from [Father], and then failed to order [Mother] to return that illegally acquired money to [Father].

3.    The trial court abused its discretion, erred in entering an order that [Father] has been deprived of his Fourteenth Amendment rights under the United States Constitution and deprived of his Pennsylvania Constitution rights at Article I and Section 1.

4.    The [t]rial [c]ourt abused its discretion, unreasonable, erred in entering an order without proper legal procedure followed, and in violation Pennsylvania rules of Civil Procedure and local rules.

Rule 1925(b) Statement at 9.

Brief at 2-3 **with** Rule 1925(b) Statement at 9-10.  As "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby[,]" Pa.R.A.P. 2116(a), we also find all claims concerning the Petition to Open Record and the Emergency Motion waived on this basis.

Accordingly, we affirm on the basis that Father has waived all issues on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/20