J-S15028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| V. | : | |
| | : | |
| | : | |
| | : | |
| JOHN R. MAJOR JR. | : | |
| | : | |
| Appellant | : | No. 884 WDA 2020 |

Appeal from the PCRA Order Entered June 9, 2020
In the Court of Common Pleas of Allegheny County Criminal Division
at No: CP-02-CR-0005251-2011

BEFORE: LAZARUS, J., MURRAY, J., and COLINS, J.[*]

JUDGMENT ORDER BY MURRAY, J.: **FILED: July 14, 2021**

John R. Major, Jr. (Appellant) appeals *pro se* from the order[1] dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[2] We quash.

The convoluted procedural history is set forth in our decision in Appellant's companion case, **Commonwealth v. Major**, docketed at 1317 WDA 2020. Briefly, following our remand in **Commonwealth v. Major**, 2018 WL 4957913 (Pa. Super. Oct. 15, 2018) (unpublished memorandum),

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The order is dated May 9, 2020, but was not filed until June 9, 2020.

[2] Appellant's "status as a *pro se* litigant does not entitle him to any advantage," and he "must still comply with the Pennsylvania Rules of Appellate Procedure." **Commonwealth v. Ray**, 134 A.3d 1109, 1114-15 (Pa. Super. 2016) (citations omitted).

Appellant filed an amended, timely *pro se* PCRA petition on January 22, 2020. The PCRA court dismissed the petition as untimely on June 9, 2020. Appellant did not appeal from that order. Rather, on June 24, 2020, Appellant filed the "Motion to Vacate Order," which the PCRA court denied on August 3, 2020. Appellant then filed a notice of appeal.

It is well-settled that the order dismissing a PCRA petition constitutes the final order for purposes of appeal. **See** Pa.R.Crim.P. 910. The filing of a motion to vacate does not toll the 30-day appeal period. **See e.g. J.P. v. J.S.**, 214 A.3d 1284, 1287-88 (Pa. Super. 2019); **Commonwealth v. Moir**, 766 A.2d 1253, 1254 (Pa. Super. 2000). Moreover, the timeliness of an appeal invokes this Court's jurisdiction. "When a statute fixes the time within which an appeal may be taken, the time may not be extended as a matter of indulgence or grace." **Commonwealth v. Pena**, 31 A.3d 704, 706 (Pa. Super. 2011) (citation omitted). A notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). Time limitations on filing appeals are strictly construed. **Commonwealth v. Burks**, 102 A.3d 497, 500 (Pa. Super. 2015) (citation omitted).

Consistent with the foregoing, Appellant had until July 9, 2020 to file a notice of appeal, but did not do so until August 14, 2020. Thus, this appeal is untimely.[3]

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/2021

---

[3] Appellant is not out of court. **See Commonwealth v. Major**, docketed at 1317 WDA 2020.