J-S07005-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIGITTE MECKES | : | |
| | : | |
| Appellant | : | No. 1671 MDA 2024 |

Appeal from the Judgment of Sentence Entered October 18, 2024
In the Court of Common Pleas of Sullivan County Criminal Division at
No(s):  CP-57-CR-0000009-2023

BEFORE:  BOWES, J., OLSON, J., and BENDER, P.J.E.

MEMORANDUM BY BOWES, J.:                **FILED: JUNE 18, 2026**

Brigitte Meckes appeals from the judgment of sentence of imprisonment imposed following her convictions related to the death of an infant in her care. We affirm.

On January 14, 2022, Appellant assisted with Amy Hoenigke's home birth of the victim, M.H., a healthy baby with no issues breathing.  Appellant stayed with Ms. Hoenigke after the birth to help take care of the newborn, as the father, Drew Hoenigke, left town for work.  Appellant did not have a nursing degree, but she had previously assisted with Ms. Hoenigke's home birth of her then two-year-old daughter.  Ms. Hoenigke never obtained a birth certificate for her daughter and she had no records.

A few days after M.H. was born, Ms. Hoenigke became concerned that afternoon when he was sleeping for too long and appeared blue.  Appellant

took the baby's vitals and opined that he had obstructed breathing. She attempted to clear his airways with steam and peppermint oil and used a straw to clear any mucus or debris. These methods only assisted his breathing temporarily, but Appellant and Ms. Hoenigke did not call for emergency services or seek outside assistance. Late that evening, around 2:00 a.m., Ms. Hoenigke went upstairs to put her daughter to bed and left M.H. with Appellant. Ms. Hoenigke fell asleep until 4:00 a.m. When she awoke and proceeded downstairs, Appellant, who was sitting on the couch with M.H. watching Youtube, stated that M.H. had ceased breathing completely at 3:00 a.m. Appellant never awoke Ms. Hoenigke or informed her as to M.H.'s worsening condition.

Due to fear of having their daughter removed from their care, the Hoenigkes agreed with Appellant to lie about M.H.'s passing. They decided to tell officials that they awoke to M.H. deceased in his crib without knowledge of his breathing obstruction. Although he died on January 17, 2022, he was not reported deceased until January 20, 2022. By that time, Appellant had left the Hoenigkes' home. Ms. Hoenigke's mother encouraged her to report his death to the police.[1]

---

[1] When Ms. Hoenigke informed a 9-1-1 dispatcher that M.H. was dead, the neighbor across the street stopped by to check on the family after he heard the flash on the police scanner. He was the assistant chief of the local EMS and responded to the home within minutes.

Appellant, Ms. Hoenigke, and Mr. Hoenigke, were arrested and charged in connection to M.H.'s death. The parents entered guilty pleas to aggravated assault, while Appellant proceeded *pro se* to a jury trial on two charges of aggravated assault, and one charge each of endangering the welfare of children, involuntary manslaughter, and recklessly endangering another person. Ms. Hoenigke, among other witnesses, attested to the aforementioned facts. At the conclusion of trial, the jury found Appellant guilty of all offenses.

On October 15, 2024, the court imposed an aggregate sentence of eight years and eight months to seventeen years and four months in prison. Appellant appealed immediately after sentencing, still representing herself. Three days later, the court ordered Appellant to file a statement pursuant to Pa.R.A.P. 1925(b) within twenty-one days.[2] Appellant failed to file a

_____

[2] On that same date, the trial court amended the sentencing order for aggravated assault, 18 Pa.C.S. § 2702(a)(8), from a first-degree felony to a second-degree felony. Ordinarily, once an appellant files an appeal, the trial court loses jurisdiction to amend a sentencing order. *See* 42 Pa.C.S. § 5505. Even after an appeal is taken, however, a court may correct "clear clerical errors." *Commonwealth v. Kramer*, 350 A.3d 975, 982 (Pa.Super. 2025). We have further held that "[§] 5505 does not limit a trial court from *sua sponte* correcting an illegal sentence, even after the defendant has begun serving the original sentence." *Id*. at 983 (cleaned up).

Aggravated assault pursuant to § 2702(a)(8) is graded as a second-degree felony. *See* 18 Pa.C.S. § 2702(b). Appellant's information confirms that this offense was properly charged as a felony of the second degree. Since the court's original sentencing order listed the offense as a first-degree felony, it was patently illegal. The court therefore retained the right to correct her
*(Footnote Continued Next Page)*

statement, and the court issued an order on December 12, 2024, suggesting that Appellant's issues were waived and no Rule 1925(a) opinion would follow.

In both this Court and the trial court, on March 26, 2025, Appellant submitted a "Request for Information" asserting that no record materials, including transcripts, were in her possession and thus she could not comply with any court orders. As the trial court had scheduled a hearing on the matter, we *sua sponte* vacated the briefing schedule and ordered the trial court to report any findings from that hearing.

The hearing revealed that Appellant had retained counsel, who requested transcripts and paid the applicable fees. The trial court discussed with Appellant that she did not previously obtain the transcripts because she had not paid for them. The trial court docket reflects that Appellant did not seek to proceed *in forma pauperis* ("IFP") until March 26, 2025. Counsel for Appellant then requested the opportunity to file a post-sentence motion and Rule 1925(a) statement as he was newly retained. The court noted that the matter was currently on appeal in this Court and asserted that it consequently lacked jurisdiction to grant Appellant that relief. Considering that Appellant's counsel was in the process of obtaining the transcripts that Appellant requested in her *pro se* motion, the trial court denied it as moot.

---

sentence to a second-degree felony even after she appealed. **See Kramer**, 350 A.3d at 983. We have modified the caption to reflect that this appeal lies from the October 18, 2024 amended order.

We reinstated the briefing schedule, and the parties submitted their filings. Appellant presents the following issues:

1. Whether the sentencing court imposed an illegal sentence when Appellant was sentenced to consecutive sentences under count [one], aggravated assault, victim less than [thirteen] and defendant [eighteen] or older, (under 18 Pa.C.S. § 2702(a)(9)[)] and count [two], aggravated assault, victim less than [six] and defendant [eighteen] or older, (under 18 Pa.C.S. § 2702(a)(8)[)]), when counts [one] and [two] should have merged.

2. Whether the trial court abused its discretion in denying appellate counsel leave to file a concise statement under Pa.R.A.P. 1925, under these circumstances.

Appellant's brief at 4 (unnecessary capitalization omitted).

We initially address Appellant's illegal sentencing claim, despite her failure to file a Rule 1925(b) statement. *See Commonweath v. Green*, 149 A.3d 43, 52 (Pa.Super. 2016) ("A claim of an illegal sentence based on merger of the underlying convictions cannot be waived." (cleaned up)). This Court's review of challenges to the legality of sentence "is *de novo* and our scope of review is plenary." *Commonwealth v. Dortch*, 343 A.3d 298, 308 (Pa.Super. 2025).

Our Crimes Code defines the relevant aggravated assault charges as follows:

**(a) Offense defined.**--A person is guilty of aggravated assault if he:
. . . .

(8) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to a child less than six years of age, by a person [eighteen] years of age or older; or

- 5 -

(9) attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to a child less than [thirteen] years of age, by a person [eighteen] years of age or older.

18 Pa.C.S. § 2702.

We have explained that "merger is appropriate only when two distinct criteria are satisfied: (1) the crimes arise from a single criminal act; and (2) all of the statutory elements of one of the offenses are included within the statutory elements of the other." *Commonwealth v. Albert*, 351 A.3d 276, 279 (Pa.Super. 2026) (cleaned up). Recently, this Court concluded that § 2702(8) and § 2702(9) do not merge because "each subsection has an element that is absent from the other. Section 2702(a)(8) requires bodily injury, while [§] 2702(a)(9) requires serious bodily injury." *Commonwealth v Glover*, 344 A.3d 1141, 2025 WL 2125599, at *3 (Pa.Super. 2025) (non-precedential decision), *appeal denied*, 684 MAL 2025, April 21, 2026.

Appellant acknowledges *Glover*, but asserts, without further explanation, that we should not follow it. *See* Appellant's brief at 12. Since the victim was under the age of six pursuant to § 2702(8), and therefore also under the age of thirteen in accordance with § 2702(9), Appellant maintains that the crimes should have merged. *Id*. at 11. She is mistaken.

Although Appellant's aggravated assault charges were based upon one criminal act, as we explained in *Glover*, the statutory elements of each offense are different. Accordingly, the convictions do not merge for sentencing purposes. *See Albert*, 351 A.3d at 279.

We next address Appellant's request to file a Rule 1925(b) statement after retaining counsel. It is well-established that "in order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a statement of matters complained of on appeal pursuant to Rule 1925. Any issues not raised in a [Rule] 1925(b) statement will be deemed waived." *Commonwealth v. Butler*, 812 A.2d 631, 633 (Pa. 2002) (cleaned up).

Appellant contends that at sentencing, she announced that she planned to immediately appeal and that she deserved the transcripts at the court's expense. *See* Appellant's brief at 13, 16. She also requested to be released on bail to prepare her appeal, and the court's denial of bail "hinder[ed] her ability to adequately perfect her appeal." *Id*. at 13, 16-17. Appellant claims that "the scenario at hand calls for leniency" where she faced "very serious charges" and "the record clearly establishes that her understanding of the law was confused and corrupted by sovereign citizen conspiracy theories." *Id*. at 15.

We have cautioned that "any layperson choosing to represent [herself] in a legal proceeding must, to some reasonable extent, assume the risk that [her] lack of expertise and legal training will prove [her] undoing." *Commonwealth v. Westlake*, 295 A.3d 1281, 1286 n.8 (Pa.Super. 2023). Plainly, *pro se* litigants must adhere to the Pennsylvania Rules of Appellate

Procedure. **_See Commonwealth v. Ray_**, 134 A.3d 1109, 1115 (Pa.Super. 2016).

Given that Appellant failed to pay for the transcripts while proceeding _pro se_, did not apply for IFP status in the trial court for three months after her Rule 1925(b) statement was due, and neglected to submit any timely filing in response to the court's Rule 1925 order, she has waived any remaining claims for appellate review. Appellant's plea for this Court's leniency is unavailing where she accepted the risks associated with self-representation. **_See Ray_**, 134 A.3d at 1115 (explaining that the choice to represent oneself "does not entitle [an appellant] to any advantage due to [her] lack of legal training").

As Appellant failed to establish her entitlement to relief, we affirm her judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/18/2026