J-S15019-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ATIBA WILSON :
:
Appellant : No. 1218 WDA 2019

Appeal from the PCRA Order Entered July 17, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0012661-2015

BEFORE: BENDER, P.J.E., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.: **FILED APRIL 20, 2020**

Appellant, Atiba Wilson, appeals *pro se* from the order entered on July 17, 2019, dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We dismiss the appeal.

The trial court summarized the facts and procedural history of this case as follows:

> [Appellant was] arrest[ed] on September 22, 2015 after the police responded to a call for a disturbance involving a firearm at a McDonald's restaurant located in downtown Pittsburgh[, Pennsylvania]. [Appellant] filed a [m]otion to [s]uppress on the basis that [the police seized items] from [Appellant] during an illegal search[.] A suppression hearing was held on May 23, 2016. At the suppression hearing the Commonwealth presented the testimony of Detective Matthew Zuccher of the City of Pittsburgh Police who testified that while on patrol on September 22, 2015 at approximately 8:00 p.m. he received a dispatch to proceed to the McDonald's restaurant on Smithfield Street for a disturbance involving a firearm. The actor involved was described as a black

---

[*] Former Justice specially assigned to the Superior Court.

male with a blue hat or blue hooded jacket. As Detective Zuccher arrived at the restaurant he observed [Appellant] through the front glass of the restaurant. [Appellant] was wearing a blue jacket with the hood pulled up over his head [and] pulled so tightly that only a small portion of his face was exposed. When first observed, [Appellant] was walking towards the front of the store but when he observed the police[,] he turned and walked towards the rear of the restaurant. [Appellant went] behind two pillars and began to peek out from behind the pillars. Detective Zuccher testified that he approached [Appellant] and ordered him from behind the pillars and testified:

> I observed when he was walking towards me and I was walking towards him, I could see the outline of what I thought was a firearm, possible firearm in his waistband. Based on the descriptions and his actions, I held onto him and did a pat down, a quick pat down. I just ran my hand over it, and I immediately detected a firearm.

Detective Zuccher testified that the gun was covered but that he could see the outline of a gun which he described as a large .45 caliber handgun. The gun was loaded with four rounds [of ammunition]. Detective Zuccher testified that he had undergone training for the detection of firearms and had made dozens of arrests involving firearms and that [a] waistband is a prevalent place to place a firearm. He also described the restaurant as a "nuisance property" and that the police receive calls on a nightly basis for "typically narcotics and firearms related" matters.

On cross-examination Detective Zuccher acknowledged that when he first entered the restaurant he did not observe any criminal activity but was only responding to a disturbance call and was conducting an investigation. The suppression motion was denied and the testimony [from] the suppression hearing was incorporated into the record for a nonjury trial held on June 6, [2016]. Detective Zuccher again testified and the Commonwealth established that [Appellant] did not have a license to carry a concealed weapon. The Commonwealth also established that [Appellant] had a juvenile adjudication for aggravated assault. The Commonwealth also presented the testimony of Officer Rachmiel Gallman who testified during a search incident to [Appellant's arrest, that Appellant] was found in possession of a small amount of marijuana.

Trial Court Opinion, 1/18/2017, at 2-4 (record citations omitted). At the conclusion of the bench trial, the trial court found Appellant guilty of carrying a firearm without a license, persons not to possess a firearm, and possession of a small amount of marijuana.[1] The trial court imposed a sentence of 36 to 72 months of incarceration for carrying a firearm without a license, with no further penalty on the remaining counts.

On direct appeal, this Court affirmed Appellant's judgment of sentence, determining, in pertinent part:

> [T]he officers corroborated a tip about an armed individual in the McDonalds prior to the police patting [Appellant] down, searching him and arresting him. Under a totality of the circumstances, there was a reasonable basis for the investigatory stop and for the officer's pat-down where they believed that [Appellant] was armed and dangerous.

*Commonwealth v. Wilson*, 2017 WL 4786419, at *3 (Pa. Super. 2017) (unpublished memorandum). As such, we affirmed the trial court's decision to deny suppression and relied upon the trial court's rationale as set forth in its opinion. Our Supreme Court denied further review. *See Commonwealth v. Wilson*, 184 A.3d 941, 942 (Pa. 2018).

Appellant filed a *pro se* PCRA petition on April 5, 2019. The PCRA court appointed counsel who subsequently filed a motion to withdraw and "no-merit letter" pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On

---

[1] 18 Pa.C.S.A. §§ 6106(a) and 6105(a) and 35 P.S. § 780-113(a)(31), respectively.

May 2, 2019, the PCRA court entered an order granting counsel's motion to withdraw. The order further granted Appellant 45 days to file a supplemental PCRA petition or brief.[2] On June 20, 2019, the PCRA court entered an order, pursuant to Pa.R.Crim.P. 907, informing Appellant of its intent to dismiss the PCRA petition without an evidentiary hearing. Appellant responded *pro se* on June 24, 2019 and July 1, 2019. On July 17, 2019, the PCRA court entered an order dismissing Appellant's PCRA petition. This timely *pro se* appeal resulted.[3]

On appeal, Appellant baldly contends that he received ineffective assistance of counsel at trial. However, Appellant's *pro se* appellate brief does not comply with our Rules of Appellate Procedure, fails to cite Pennsylvania legal authority pertaining to ineffective assistance of counsel claims, and, therefore, precludes meaningful appellate review. For the reasons that follow, we dismiss the appeal.

Initially, we note that appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure and this Court may quash or dismiss an appeal if a defect in the brief is substantial.

---

[2] Upon review of the certified record, Appellant did not file a *pro se* supplemental PCRA petition or brief within 45 days as ordered.

[3] Appellant filed a *pro se* notice of appeal docketed on August 8, 2019. By order entered on August 14, 2019, the PCRA court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed a *pro se* 1925(b) statement on August 29, 2019. The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on November 18, 2019.

*Commonwealth v. Adams*, 882 A.2d 496, 497 (Pa. Super. 2005); Pa.R.A.P. 2101. "[A] *pro se* litigant must still comply with the Pennsylvania Rules of Appellate Procedure." *Commonwealth v. Ray*, 134 A.3d 1109, 1114–1115 (Pa. Super. 2016) (citation omitted). Here, Appellant does not set forth our standard of review. *See* Pa.R.A.P. 2111(a)(3). He does not present the specific issues for our consideration in a separate statement of questions presented section in his appellate brief. *See* Pa.R.A.P. 2111(a)(4); Pa.R.A.P. 2114; Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.") Moreover, an appellate "argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein[.]" Pa.R.A.P. 2119(a). Here, Appellant presents a singular, stream-of-conscious argument challenging the trial court's legal determinations and generally alleging purported instances of ineffective assistance of trial counsel.[4] However, noticeably absent from Appellant's appellate brief is any citation or reference to Pennsylvania law pertaining to claims of ineffective assistance of counsel. *See id.* ("The argument shall be […] followed by such discussion and citation of authorities as are deemed pertinent."); *see also Commonwealth v. Plante*, 914 A.2d 916, 924 (Pa.

---

[4] In his *pro se* reply to the Commonwealth's brief, Appellant acknowledges the defects in his appellate brief, but asks this Court to "interpret them as harmless errors." Appellant's Reply, 3/12/2020, at 1.

Super. 2006) ("We have repeatedly held that failure to develop an argument with citation to, and analysis of, relevant authority waives the issue on review."). Because the defects in Appellant's *pro se* brief are substantial, we are precluded from conducting meaningful review, and we dismiss the appeal.[5]

_____

[5] We note that in reviewing this matter, Appellant originally presented eight issues in his *pro se* PCRA petition. Appointed counsel distilled those claims and presented them in a ***Turner/Finley*** brief as such:

(1) Trial counsel failed to conduct an adequate investigation of the case and only communicated with [Appellant] about the case about 15 to 30 minutes prior to the suppression hearing and trial;

(2) Trial counsel failed to submit exculpatory evidence (video surveillance) at trial;

(3) Trial counsel failed to submit impeachment evidence (such as the inmate personal property form) regarding the description of the actor;

(4) Trial counsel failed to file pre-trial discovery motions for, and failed to supply [Appellant] with or inform [Appellant] of, video surveillance, the recorded telephone call of the anonymous tipster, and whether there was a plea offer;

(5) Trial counsel failed to call a defense witness (Jeremy Carson) to testify at trial;

(6) Direct appeal counsel failed to inform Superior Court of the discrepancy between the suppression court's finding that the officer asked [Appellant] to move from behind the pillar when the officer testified he ordered [Appellant] to do so.

***Turner/Finley*** Brief, 5/2/2019, at 7. The PCRA court examined each of these contentions, in turn, and denied relief. The PCRA court opined that the police independently corroborated the anonymous tip when they arrived on scene and witnessed Appellant, who generally matched the anonymous caller's description, evade police by changing direction and hiding behind pillars. The

Appeal dismissed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/20/2020

---

police also saw the outline of a firearm under Appellant's clothing, tucked into his waistband. The PCRA court determined that the police officer's personal observations were fatal to Appellant's collateral claims and that the officer was permitted to conduct a protective frisk for his safety.  The PCRA court also determined that Appellant failed to establish that there was video surveillance footage available for discovery or that his proffered witness was available or willing to testify.  Had we not dismissed Appellant's appeal for filing a deficient brief, we would affirm the PCRA court's cogent decision.  Finally, we note that Appellant baldy asserts, for the first time on appeal, that "the Commonwealth did not prove if the firearm was [operable.]" Appellant's *Pro Se* Brief at 12. As a standalone claim, this contention could have been raised on direct appeal. Accordingly, it is waived for purposes of collateral review.  ***See*** 42 Pa.C.S.A. § 9543(a)(3) (allegation must not have been previously litigated or waived). Moreover, even if we viewed this contention in the context of a layered ineffective assistance of counsel claim, we may not examine the issue as it has been raised for the first time on appeal.  ***See*** Pa.R.A.P. 302(a).  Thus, the issue is waived.