J-S15021-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CHRISTOPHER MICHAEL STANFORD | : | |
| | : | |
| Appellant | : | No. 1222 WDA 2019 |

Appeal from the PCRA Order Entered July 19, 2019
In the Court of Common Pleas of Butler County Criminal Division at
No(s):  CP-10-CR-0000833-2014

BEFORE:   BENDER, P.J.E., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                          **FILED MAY 04, 2020**

Appellant, Christopher Michael Stanford, appeals *pro se* from an order

entered on July 19, 2019, which dismissed his petition for collateral relief filed

pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A.

§§ 9541-9546.  We dismiss this appeal and deny Appellant's motion to strike.[1]

_____

[*] Former Justice specially assigned to the Superior Court.

[1] On April 3, 2020, Appellant filed a motion to strike the Commonwealth's
appellate brief as untimely.  Appellant claims that, pursuant to this Court's
March 17, 2020 order, the Commonwealth was required to file its brief on or
before March 30, 2020.  As of March 30, the Commonwealth had not filed its
brief.  Thus, Appellant requested that the Commonwealth's appellate brief be
stricken if it "disregarded the [March 30, 2020] deadline" and files an
"untimely brief."  Appellant's Motion to Strike, 4/3/20, at 2.  We deny
Appellant's brief for the following reasons.  First, we were able to decide this
case without the benefit of the Commonwealth's brief.  Second, on April 1,
2020, our Supreme Court issued an order which stated that "any legal papers
or pleadings which are required to be filed between March 19, 2020 and April
30, 2020, shall be deemed to [be] timely filed if they are filed by May 1,

The facts and procedural history of this case are as follows. On October 23, 2014, a jury convicted Appellant of various crimes arising from the sexual abuse of his girlfriend's daughter, K.G.[2] "By orders dated February 18, 2015, and February 23, 2015, [Appellant] . . . was sentenced as a sexually violent predator [("SVP")] to undergo an aggregate incarceration sentence of [24] to [48] years." PCRA Court Opinion, 7/19/19, at 1. This Court affirmed Appellant's judgment of sentence on December 3, 2015. *See Commonwealth v. Stanford*, 135 A.3d 649 (Pa. Super. 2015) (unpublished memorandum). Appellant did not seek further review.

Appellant filed his first PCRA petition on December 8, 2016.[3] In his petition, he claimed both trial and appellate counsel provided ineffective assistance. Appellant's *Pro Se* PCRA Petition, 12/8/16, at 1-33. Counsel was subsequently appointed and, on October 11, 2018, filed an amended petition on Appellant's behalf. In his amended petition, Appellant raised the following

_____

2020[.]" Supreme Court Order, 4/1/20, at 3. Thus, pursuant to the aforementioned order, the Commonwealth had until May 1, 2020 to file its appellate brief. Based upon the foregoing, we deny Appellant's motion to strike.

[2] The jury convicted Appellant of rape of a child, statutory sexual assault, involuntary deviate sexual intercourse with a child, aggravated indecent assault – complainant less than 13 years old, aggravated indecent assault – complainant less than 16 years old, endangering the welfare of a child, and corruption of minors.

[3] "Pursuant to the prisoner mailbox rule, we deem a document filed on the day it is placed in the hands of prison authorities for mailing." *Commonwealth v. Patterson*, 931 A.2d 710, 714 (Pa. Super. 2007).

- 2 -

claims: (1) his classification as an SVP was unconstitutional, (2) trial counsel provided ineffective assistance by failing to request the "false in one, false in all" jury instruction, and (3) appellate counsel was ineffective for failing to challenge the sufficiency of the evidence on appeal. Appellant's Amended PCRA Petition, 10/11/18, at 1-6. The trial court conducted an evidentiary hearing on February 12, 2019. At the close of the hearing, the trial court stated that it would "take[] the matter under advisement." N.T. Evidentiary Hearing, 2/12/19, at 21.

"Thereafter, [Appellant] submitted to the [c]lerk of [c]ourts *pro se* filings in which he sought to dismiss counsel, proceed *pro se*, withdraw his [a]mended [PCRA petition], and proceed on his original *pro se* petition. The [c]lerk of [c]ourts properly dispatched the motions to counsel and did not forward them to the [PCRA c]ourt. In reviewing the record, however, the [PCRA c]ourt determined that [Appellant's] unequivocal assertions relating to his desire to proceed *pro se* [] warranted a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d. 81 (Pa. 1998)." PCRA Court Opinion, 7/19/19, at 2. Thus, on May 1, 2019, the PCRA court entered an order scheduling a **Grazier** hearing. PCRA Court Order, 5/1/19, at 1. Subsequently, Appellant, without leave of court, filed a *pro se* amended PCRA petition on May 9, 2019, in which he again raised claims of trial counsel's ineffectiveness. Appellant's PCRA counsel then filed a motion to withdraw on May 20, 2019.

The PCRA court conducted a **Grazier** hearing on May 22, 2019. At the hearing, Appellant "maintained that it remained his desire to proceed *pro se*,

- 3 -

to withdraw his [counseled a]mended [PCRA petition,] and to proceed with his original petition." PCRA Court Opinion, 7/19/19, at 2. At the close of the hearing, the PCRA court stated that it would "[take] the matter under advisement." *Id*. N.T. *Grazier* Hearing, 5/22/19, at 8.

The PCRA court issued an order and opinion on July 19, 2019. At the outset, the court granted Appellant permission to proceed *pro se*. PCRA Court Order, 7/19/19, at 1. In addition, the court stated it would "rule on the claims contained in [Appellant's counseled a]mended [PCRA petition]" and specifically declined to "withdraw[]" the counseled petition in favor of Appellant's original *pro se* submission or his amended PCRA petition dated May 9, 2019. PCRA Court Opinion, 7/19/19, at 3. Ultimately, the PCRA court granted Appellant's counseled petition in part and denied it in part. PCRA Court Order, 7/19/19, at 1. Specifically, the court agreed that Appellant was entitled to resentencing without the classification as a SVP under *Commonwealth v. Adams-Smith*, 2019 WL 1997650 (Pa. Super. May 7,

2019).[4]  The court denied Appellant's remaining claims.  ***Id.***  This timely appeal followed.[5]

Appellant raises the following issues on appeal:

I. Was it improper of the PCRA court to leave an unresolved hybrid counsel conflict on [May 22, 2019,] thus obstructing all [*pro se*] abilities to plead, present[,] and prove "arguable merit" facts in the afforded legal hearing to preserve relevant argument on why the [*pro se*] motion docketed was in fact warranted on [March 4, 2019?]

II. Did [the] PCRA court err in its final disposition on [July 19, 2019?]  Will that ruling surmount to a finding that [an] abuse of discretion did occur[?]

Appellant's Brief at 2 (superfluous capitalization omitted).

_____

[4] The PCRA court entered an order on July 19, 2019, scheduling a resentencing hearing for August 13, 2019.  PCRA Court Order, 7/19/19, at 1.  But, because Appellant filed an appeal to this Court on August 12, 2019, the hearing did not occur.  On September 4, 2019, the court entered an order cancelling Appellant's resentencing hearing.  PCRA Court Order, 9/4/19.  In light of our Supreme Court's recent decision in ***Commonwealth v. Butler***, 2020 WL 1466299, *1 (Pa. Mar. 26, 2020) (holding that the "registration, notification, and counseling" requirements applicable to SVP's "does not constitute criminal punishment" and, as such, the "procedure for designating individuals as SVPs . . . remains constitutionally permissible.") which reversed this Court's ruling in ***Commonwealth v. Butler***, 173 A.3d 1212 (Pa. Super. 2017) upon which ***Adams-Smith*** relied, the PCRA may choose not to proceed with Appellant's resentencing hearing.

[5] Appellant filed a notice of appeal on August 12, 2019.  On August 14, 2019, the PCRA court entered an order directing Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1). Appellant timely complied.  The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on October 4, 2019, which expressly incorporated its opinion issued on July 19, 2019.

Prior to addressing the merits of these issues, we address a preliminary matter. As noted above, Appellant was entitled to counsel for this, his first, PCRA petition. *See Commonwealth v. Robinson*, 970 A.2d 455, 457 (Pa. Super. 2009) ("Pursuant to the rules of criminal procedure and interpretive case law, a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process."). Appellant chose, however, to proceed on appeal *pro se*. Although he is *pro se*, Appellant's appellate brief must "conform in all material respects with the requirements of [the appellate rules]." Pa.R.A.P. 2101; *see also Commonwealth v. Ray*, 134 A.3d 1109, 1115 (Pa. Super. 2016) (citation omitted). Pennsylvania Rule of Appellate Procedure 2119(a) states:

> **(a) General rule.** The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). If an appellant fails to comply with the appellate rules and "the defects [] in the brief . . . are substantial," this Court may dismiss the appeal. Pa.R.A.P. 2101.

In this case, Appellant failed to divide the argument section of his brief into two sections, *i.e.*, the number of questions to be argued. In addition, Appellant did not provide any citation to relevant authority. Instead, Appellant's brief consists of one, large, rambling argument section in which he

makes incomprehensible claims. As these substantial defects hinder our appellate review, we dismiss the appeal. *See* Pa.R.A.P. 2101.

Appeal dismissed. Appellant's motion to strike denied.


Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/4/2020