J-S13022-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CURTIS RODNEY JONES | : | |
| | : | |
| Appellant | : | No. 1647 EDA 2022 |

Appeal from the PCRA Order Entered June 2, 2022
In the Court of Common Pleas of Delaware County
Criminal Division at CP-23-CR-0001758-2002

BEFORE: NICHOLS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.: FILED JUNE 2, 2023

Curtis Rodney Jones (Appellant) appeals *pro se* from the dismissal of

the third petition he filed pursuant to the Post Conviction Relief Act (PCRA),

42 Pa.C.S.A. §§ 9541-46. We affirm.

The PCRA court summarized the case history as follows:

> [O]n April 15, 2002, Appellant was arrested and charged
> with murder in the first degree for killing his roommate, Abdul
> Sesay, on Widener University's campus in Chester, PA. Following
> the reports of multiple gunshots, police located the victim's body
> lying in a pool of blood, punctured with five gunshot wounds and
> police identified the victim. Appellant confessed to drinking
> alcohol and smoking marijuana prior to the incident. Police
> obtained a search warrant for Appellant's dorm room and found
> the victim's cell phone, which had blood matching the victim.
> After receiving an anonymous tip, police recovered the murder
> weapon from a lake located behind Appellant's mother's house in
> New Jersey.

---

[*] Former Justice specially assigned to the Superior Court.

On July 27, 2005, following a jury trial, Appellant was found guilty of the crimes [of] murder in the first degree and robbery.

On September 7, 2005, the court imposed judgment of sentence upon Appellant for the murder of the first-degree conviction to confinement in a State Correctional Facility for a term of life without parole, and for the robbery conviction to confinement in a State Correctional Facility for a minimum term of 66 months to a maximum term of 132 months consecutive to the judgment of sentence for the murder conviction.

Since the date judgment of sentence was imposed, Appellant has engaged in continuous litigation resulting in a voluminous, nearly unmanageable record. On January 17, 2019, this court filed an opinion explaining the dismissal of Appellant's second untimely PCRA petition. On July 8, 2019[, the] Superior Court of Pennsylvania affirmed. On August 6, 2019, Appellant filed a petition for Allowance of Appeal. On February 19, 2020[, the] Supreme Court of Pennsylvania denied the petition.

On November 30, 2020, Appellant filed a third *pro se* Petition for Post Conviction Collateral Relief. On March 9, 2022, PCRA counsel filed a no merit letter and motion for leave to withdraw appearance; on March 29, 2022, Appellant's "March 18, 2022 letter to Judge Cappelli" concerning the no merit letter was filed.

PCRA Court Opinion, 8/16/22, at 1-3 (footnote omitted).

As noted, Appellant previously filed two unsuccessful PCRA petitions. On April 13, 2022, the PCRA court issued notice of intent to dismiss Appellant's current petition pursuant to Pa.R.Crim.P. 907. The PCRA court dismissed Appellant's petition on June 2, 2022. Appellant timely filed a *pro se* notice of appeal on June 21, 2022. Although the PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement, the PCRA court filed an opinion on August 16, 2022.

Appellant presents two related issues:

I.      Whether the PCRA Court erred when it opined that trial counsel was not ineffective for raising a voluntary intoxication defense or requesting the instruction in violation of Appellant's rights pursuant to the Pennsylvania's [*sic*] and the United States Constitution.

II.     Whether the PCRA Court erred when it opined that the trial court did not err when it gave the aforementioned voluntary intoxication instruction in violation of Appellant's rights pursuant to the Pennsylvania's [*sic*] and the United States Constitution.

Appellant's Brief at 4.

Appellant discusses his two issues together. ***See id.*** at 9-13. Appellant asserts his trial counsel "introduced an incompatible defense, voluntary intoxication, at the closing of his argument … after arguing an innocence defense the entire trial." ***Id.*** at 8. Appellant claims trial counsel's actions "left the jury considering Appellant's guilt since his attorney conceded criminal liability and the trial court's instructions supported that conclusion." ***Id.*** Appellant contends he was "prejudiced by trial counsel's actions due to its confusing presentation." ***Id.*** at 11.

The Commonwealth counters:

[Appellant's] third PCRA petition was properly dismissed as untimely because he filed it ten years after his judgment of sentence became final and did not prove any statutory exception to the time bar. Although he claims that he did not receive a copy of the jury instructions transcript until 2020, he repeatedly cited to it in a *pro se* filing in 2011. The "missing" volume was also cited repeatedly by the Commonwealth and this Court in prior proceedings. Regardless, [Appellant] was present during his own trial, so he should have been aware since the time of trial of what jury instructions were given.

Commonwealth Brief at 10.

- 3 -

We review "the PCRA court's findings of fact to determine whether they are supported by the record, and ... its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). Pertinently, "Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." *Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003)).

"A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). A petitioner must file a PCRA petition within one year of the judgment becoming final unless a statutory exception applies. 42 Pa.C.S.A. § 9545(b)(1). The three exceptions are: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012); *see also* 42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petitioner invoking an exception must do so within a year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). If a petitioner fails to invoke a valid exception, the court lacks jurisdiction to review the petition or provide relief. *Spotz*, 171 A.3d at 676. If a petition is untimely and the petitioner has not pled and proven an exception, "neither this Court nor the trial court has jurisdiction

over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Appellant concedes his PCRA petition is untimely. He states he "is aware that in order for it to succeed, it has to meet certain requirements set by 42 Pa.C.S.A. 9545(b)(1)(i-iii)." Appellant's Brief at 12. Appellant claims he meets the newly discovered facts exception set forth in subsection 9545(b)(1)(ii). ***Id.*** Appellant asserts he was unaware of his claims related to voluntary intoxication and "was first made aware of the jury instruction in question" when he obtained his trial transcript. ***Id.*** at 9. According to Appellant, he requested the trial transcript on November 29, 2018, but did not receive it until sometime "between January 2020 and September 2020." ***Id.*** Appellant states that "it wasn't until after I received my 7/27/2005 trial transcript that I became aware of this erroneous jury instruction." ***Id.*** at 12. We are unpersuaded by Appellant's argument.[1]

The PCRA court specified that Appellant's judgment of sentence became final on October 4, 2010, and the "time to file a timely PCRA petition expired October 4, 2011." PCRA Court Opinion, 8/16/22, at 5. ***See also***

---

[1] Appellant's *pro se* status "does not entitle him to any advantage." ***See, e.g., Commonwealth v. Ray***, 134 A.3d 1109, 1114-15 (Pa. Super. 2016) (citations omitted).

Commonwealth Brief at 8 (stating Appellant's judgment of sentence "became final on October 4, 2010, when the United States Supreme Court denied *certiorari*."). Contrary to his claim, Appellant has failed to plead and prove a newly discovered facts exception to the PCRA's time bar. Critically, Appellant does not explain why he did not seek to review the trial transcript until 2018, after his direct appeal and first two PCRA petitions had been decided.[2] In addition, we agree with the Commonwealth that Appellant would have been aware of any issue concerning jury instructions, as Appellant was present during his trial.[3]

This Court and the PCRA court lack jurisdiction to consider Appellant's untimely third PCRA petition. **Derrickson**, **supra**. Therefore, no relief is due.

Order affirmed.

_____

[2] As the Commonwealth observes, Appellant cited the transcript in a 2011 *pro se* filing, the Commonwealth cited the transcript "during the initial PCRA proceedings" in 2012, and this Court cited the transcript in affirming the denial of PCRA relief the following year. **See** Commonwealth Brief at 9-10 (citing **Commonwealth v. Jones**, 82 A.3d 1080 (Pa. Super. July 29, 2013) (unpublished memorandum)).

[3] Further, "in an abundance of caution," the PCRA court explained it had reviewed the record and "concluded Appellant did not prove … trial counsel was ineffective for raising a voluntary intoxication defense or for requesting the instruction: the instruction was not given to the jury in error and it was not confusing." PCRA Court Opinion, 8/16/22, at 5-6 (citing **Commonwealth v. Pierce**, 527 A.2d 973 (Pa. 1987)).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/2/2023