J-S01028-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JASON D. GOODWILL | : | |
| | : | |
| Appellant | : | No. 1050 WDA 2024 |

Appeal from the PCRA Order Entered July 25, 2024
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001070-2020

BEFORE: BOWES, J., PANELLA, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.: **FILED: March 9, 2026**

Jason D. Goodwill appeals from the order entered in the Erie County Court of Common Pleas on July 25, 2024, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Goodwill raises claims of ineffective assistance of plea counsel. For the reasons discussed below, we find the PCRA court properly denied relief and affirm.

On May 10, 2021, Goodwill entered negotiated pleas of no contest to numerous sexual offenses involving two different children. The trial court sentenced him that same day to an aggregate term of 20 to 40 years' incarceration. Notably, the parties had agreed to this sentence as part of the plea agreement. No post-sentence motions were filed. On July 15, 2022, we

_____

[*] Former Justice specially assigned to the Superior Court.

affirmed the judgment of sentence. *See Commonwealth v. Goodwill*, 680 WDA 2021 (Pa. Super. filed July 15, 2022) (unpublished memorandum).

On July 3, 2023, Goodwill timely filed a *pro se* PCRA petition, asserting ineffective assistance of counsel regarding entry of his plea. Counsel was appointed but did not file an amended petition. Instead, counsel filed a *Turner/Finley*[1] "no-merit" letter and request to withdraw as counsel. The court subsequently granted counsel leave to withdraw.

On October 18, 2023, Goodwill filed a *pro se* motion to dismiss the case with prejudice, asserting bold claims of ineffective assistance of all counsel, collusion by the judiciary and officers of the court, as well as wrongdoing by the entire public defender's office. The court subsequently appointed new counsel to represent Goodwill through the remainder of the PCRA proceedings.

On June 7, 2024, the new counsel for Goodwill filed a supplemental PCRA petition, in which she opined that all issues raised by Goodwill in his *pro se* filings were without merit and not cognizable under the PCRA. However, counsel asserted Goodwill met the requirements for relief under the PCRA on his claim that plea counsel was ineffective for failing to raise at sentencing or

---

[1] Counsel petitioning to withdraw from PCRA representation are required to proceed under *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988). Counsel must review the record, submit a "no-merit" letter evaluating the issues the petitioner wishes to address and explaining their lack of merit, request permission to withdraw, and send the "no-merit" letter and petition to withdraw to their client along with an explanation of their right to hire new counsel or proceed *pro se*.

in a post-sentence motion the imposition of an aggravated range sentence for his charge of aggravated indecent assault of a child. New counsel contended the trial court failed to sufficiently state reasons for sentencing in the aggravated range, and averred that had trial counsel preserved this issue of discretionary aspects of sentencing, Goodwill would have prevailed on direct appeal.

On June 13, 2024, the court issued notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. The court agreed with counsel that the issues raised by Goodwill lacked merit, and also found the sentencing claim raised by counsel was without merit.

On June 24, 2024, while still represented by new counsel, Goodwill filed a *pro se* "Motion to Compel PCRA Counsel To Withdraw The Inadequate 'Supplemental Motion or Post Conviction Collateral Relief And To Conduct A Genuine Thorough Investigation Of The Record And Pro Se PCRA Issues In Order To Properly Amend Petitioner's PCRA As Is Required According To ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021) Or Else Petitioner Motions The Withdrawal Of Current Counsel And Appointment Of New Counsel."

On July 25, 2024, the PCRA court denied Goodwill's *pro se* motion filed on June 24, 2024. The court emphasized that new counsel had fulfilled her role by distinguishing between which issues had merit and which issues did not, and denied Goodwill's request for appointment of a third PCRA counsel,

noting that a petitioner has the right to appointed counsel, but not to counsel of petitioner's choice. On the same day, the court dismissed the PCRA petition for the reasons set forth in the Rule 907 notice. Goodwill's counsel, although now the target of some of Goodwill's complaints, subsequently filed a timely notice of appeal on Goodwill's behalf.

Counsel thereafter filed, with this Court, an application to remand for a *Grazier* hearing and/or to appoint substitute counsel, explaining that Goodwill had sent counsel a letter in which he indicated his wishes to have counsel removed so he could assert her ineffectiveness on appeal, and also included threats against her if she did not succeed in having his case "dismissed immediately." Application to Remand, 9/11/24, at 1-2. This Court granted counsel's petition and remanded the case to the PCRA court in order to hold a *Grazier* hearing. Counsel was also directed to file and serve upon this Court a copy of the letter Goodwill had sent her, and to identify all threats Goodwill had made against her. Counsel complied with this Court's directive. Following a *Grazier* hearing, the PCRA court granted counsel leave to withdraw, and appointed new outside contract counsel, Attorney Jessica Fiscus. After receiving an extension of time, Attorney Fiscus filed a petition to withdraw as counsel, explaining that while she maintains a private practice, she also works part-time for the public defender's office, and that she had been advised that such employment posed a conflict of interest in regards to raising layered

claims of ineffective assistance involving colleagues in the public defender's office.

This Court subsequently directed the PCRA court to hold a hearing to determine Goodwill's representation status. On February 11, 2025, the PCRA court granted Attorney Fiscus leave to withdraw, and appointed Attorney Patrick Kelley to represent Goodwill. On April 25, 2025, this Court granted Attorney Kelley's application to withdraw, also based on a conflict of interest, and directed the PCRA court to appoint yet another new counsel for Goodwill.

Upon consideration of the PCRA court's response and the July 8, 2025 "Application for Relief—[Appoint] Counsel [and] Change of Venue," filed *pro se* by Goodwill, and in light of the fact that the trial court docket revealed there had been four attorneys previously appointed to represent Goodwill, this Court directed the PCRA court to determine the status of Goodwill's representation and determine if he had forfeited his right to counsel.

Following another **Grazier** hearing, this one on October 7, 2025, the PCRA court concluded Goodwill did not have the right to counsel and/or forfeited the right. **See** Order, 10/9/25.[2] Goodwill has since filed a *pro se* brief on his own behalf. This appeal is now ready for review.

---

[2] The court further noted that any "subsequent appointments of counsel," after initial PCRA counsel was properly permitted to withdraw, "were matters of courtesy, not as of right, triggered in large part by voluminous *pro se* filings." **See** Findings and Order, 10/9/25, at 1.

Preliminarily, we note Goodwill's issue statements on appeal are presented in a somewhat rambling fashion. *See* Appellant's Brief, at 6 (paginated for clarity). As far as we can discern, he attempts to argue on appeal that the PCRA court erred by not appointing him counsel at the October 7, 2025 *Grazier* hearing, arguing that he is not competent or mentally sound enough to proceed *pro se*. *See id.* He also argues the Commonwealth failed to turn over all warrants in this case, and that without those warrants his whole case should be dismissed as "fraudulent under the fruit of the poisonous tree doctrine." *Id.* And finally, in a single issue statement, Goodwill boldly contends that all prior counsel have been ineffective. *See id.*

The remainder of Goodwill's brief continues in a rambling and incoherent fashion. The Commonwealth takes issue with this woefully undeveloped brief, calling it "unwieldy", with "a myriad of innumerable undeveloped claims consisting largely of bald assertions unsupported by any facts or evidence." Commonwealth's Brief, at 6.

While recognizing that this Court can liberally construe a *pro se* brief, as explained further below, we agree with the Commonwealth that Goodwill's argument is woefully inadequate. *See Commonwealth v. Ray*, 134 A.3d 1109, 1114-15 (Pa. Super. 2016) (stating that "status as a pro se litigant does not entitle [appellant] to any advantage due to his lack of legal training[,] and "a pro se litigant must still comply with the Pennsylvania Rules of Appellate Procedure.") (citation omitted)); *see also Commonwealth v. Martz*, 232

A.3d 801, 811 (Pa. Super. 2020) (stating that this Court will not act as counsel or develop arguments for appellant).

Goodwill first attempts to challenge the PCRA court's determination that, by his conduct, he forfeited his right to counsel and argues the PCRA court erred in refusing to appoint new counsel.

An indigent petitioner has a rule-based right to counsel to represent him on his first PCRA petition. **See** Pa.R.Crim.P. 904(C). An indigent petitioner, however, may forfeit the right to counsel if the petitioner engages in "extremely serious misconduct or extremely dilatory conduct." **Commonwealth v. Staton**, 120 A.3d 277, 282, 286 (Pa. 2015). The trial court specifically relied on **Staton** in finding Goodwill had forfeited his right to counsel, based on the threatening letter mentioned above. The record here reflects that in addition to the threatening letter sent to counsel, Goodwill has repeatedly filed *pro se* motions, while represented by counsel, which unduly delayed the PCRA proceedings, and otherwise failed to cooperate with his four prior appointed attorneys.

Notably, Goodwill has neither addressed **Staton**, nor otherwise argued that his behavior did not constitute either "extremely serious misconduct" or "extremely dilatory conduct." Instead, he argues, for the first time, that he is

not competent or mentally sound enough to represent himself *pro se*.[3] We find Goodwill has waived this claim for failure to preserve, or otherwise develop, the claim. ***See Commonwealth v. Rahman***, 75 A.3d 497, 504 (Pa. Super. 2013) (citation omitted) (stating that if an appellate brief does not discuss a claim with "citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived").

In the remainder of his brief, Goodwill attempts to raise layered ineffectiveness claims against all prior counsel. In doing so, he provides conclusory statements that each counsel was ineffective without setting forth the three prongs of the ineffectiveness test or discussing them. ***See Commonwealth v. Spotz***, 896 A.2d 1191, 1250 (Pa. 2006) ("[B]oilerplate, undeveloped" arguments regarding ineffective assistance of counsel are "insufficient to establish an entitlement to post-conviction relief.") (citation omitted).

Furthermore, Goodwill's argument is unsupported by citation to and discussion of any case law, let alone any relevant or pertinent case law. "When an appellant cites no authority supporting an argument, this Court is inclined to believe there is none." ***Commonwealth v. Reyes-Rodriguez***, 111 A.3d

---

[3] We note, from a review of the *pro se* brief, that it appears a fellow inmate has made this argument on Goodwill's behalf, as his "typist" of the appellate brief. As such, it is unclear if the typist raised this issue on his own accord, or if Goodwill is aware of the raising of this claim. In any event, there is no record evidence that Goodwill has previously raised this claim.

775, 781 (Pa. Super. 2015) (citing Pa.R.A.P. 2119(a), which requires the appellant to discuss and cite to pertinent authorities). Goodwill also does not cite to the record at all in support of his claims of error. Therefore, Goodwill waived his claims. **See Commonwealth v. Paddy**, 15 A.3d 431, 444 (Pa. 2011) (stating when an appellant fails "to set forth all three prongs of the ineffectiveness test and [to] meaningfully discuss them, he is not entitled to relief, and we are constrained to find such claims waived for lack of development") (citation omitted)).

As we find Goodwill has failed to preserve any claims for our review, we affirm the order of the PCRA court denying Goodwill's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

3/9/2026